**UNITED MINERAL & CHEMICAL CORP. et al.**

v.

**KATZ.**

**Civ. No. 13960.**

United States District Court
E. D. New York.

Jan. 18, 1954.

Mandelker & Halper, New York City, for plaintiffs. Benjamin Mandelker, New York City, of counsel.

Schuman, Giaccone, Dorn & Marcus, New York City, for defendant. Asher Marcus, New York City, of counsel.

GALSTON, District Judge.

This action was begun in the Supreme Court of the State of New York, County of Kings, and on the petition of the defendant was removed to this court.

The plaintiff has moved to remand the case to the Supreme Court, and there is a countermotion by the defendant to dismiss the complaint. Both motions will be disposed of in this opinion.

The complaint alleges two causes of action. The United Mineral & Chemical Corp., one of the plaintiffs, is engaged in business as an importer and exporter of mica products, and the Titan Plastics, Inc. is engaged in the business of plastic lamination. The corporations maintain a manufacturing plant in the Borough of Brooklyn, and a general office in New York City. The defendants are alleged to be a voluntary unincorporated association consisting of more than seven persons and having their principal place of business in the City, State and County of New York.

It is alleged that the plaintiffs are employers as defined in both the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the New York State Labor Relations Act, Labor Law, § 700 et seq., McK.Consol.Laws, c. 31, and the defend-

ant's union is a labor organization as defined in the National Labor Relations Act and in the New York State Labor Relations Act. In the course of the business, plaintiffs employ, in the bargaining unit, approximately seventeen persons. But these employees in the bargaining unit have not designated, so alleges the complaint, any person or organization as their agent for collective bargaining. And it is alleged that the majority of the plaintiffs' employees do not desire to be represented by the defendant union as their collective bargaining agent.

The complaint further alleges that nevertheless the defendant union has demanded that the plaintiffs recognize the union as the sole collective bargaining agent, and has moreover engaged in unlawful practice for the purpose of forcing the plaintiffs to recognize the defendant union as the sole collective bargaining agent. It is alleged that the agreement sought by the union is illegal and in violation of the Constitution of the State of New York, the National Labor Relations Act, and the New York State Labor Relations Act. The upshot of the matter was that, as alleged in the complaint, in order to achieve their ends the defendant union unlawfully picketed the office and plant of the plaintiffs, shouted loud, abusive, insulting and threatening language to employees of the plaintiffs, and to others having business with the plaintiffs, and picketed the homes of the officers of the plaintiff corporations, engaging in boisterous and abusive language, harassed other employees of the plaintiffs by repeated telephone messages to their homes; committed assaults upon some employees; committed malicious mischief and destroyed property of the employees of the plaintiffs, and by means of physical force and threats and, violence endeavored to coerce plaintiffs' employees to refrain from working for the plaintiffs.

It is also alleged that the defendant union interfered with the transportation of shipments to and from the plaintiffs by other persons.

The plaintiffs, on November 14, 1953, filed with the National Labor Relations Board a petition for investigation and certification of representatives pursuant to section 9(c), subdivision 1, Paragraph (B) of the National Labor Relations Act.

The complaint alleges that substantial and irreparable injury will be caused the plaintiffs and plaintiffs' property unless the relief demanded by injunction in the complaint is granted. The acts complained of are alleged to be not a cause involving or growing out of a labor dispute.

The second cause of action alleges a conspiracy of the defendant union and others pursuant to which they maliciously and not in furtherance of any labor dispute, and not intending to serve any legitimate labor union purpose, engaged in unlawful and malicious acts and conduct as heretofore described.

It is entirely clear from a reading of the complaint that the action sounds in tort, alleging violence and conspiracy, and was properly brought in the State court.

Substantially a similar complaint was instituted in the State court in the case of Irving Subway Grating Co., Inc., v. Silverman, and removed to this court. D.C., 117 F.Supp. 671. On December 4, 1953 my associate, Judge Bruchhausen, wrote a very careful, exhaustive opinion in which he reviewed the facts and the applicable law, and in which he upheld the plaintiff's motion to remand. The same authorities reviewed in Judge Bruchhausen's opinion are applicable here, and I reach the same conclusion, to wit, that the case at bar is not one necessarily arising under the Federal law. Judge Bruchhausen quotes with approval from Hat Corporation of America v. United Hatters, D.C., 114 F.Supp. 890, where it was said, in effect, that the acts complained of constituted a tort cognizable under State law. Nor is the recent decision by the Supreme Court in Garner v. Teamsters Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161, 164, in any respect conflicting with the view taken herein. Mr. Justice Jackson said:

"We have held that the state still may exercise 'its historic powers over such traditionally local matters as public safety and order and the use of streets and highways.' Allen-Bradley Local v. Wisconsin Board, 315 U.S. 740, 749, 62 S.Ct. 820, 825, 86 L.Ed. 1154."

See also the opinion of Judge Bruchhausen on defendant's motion for a reargument in Irving Subway Grating Co. Inc., v. Silverman, supra, filed December 22, 1953.

Since plaintiff's motion to remand is granted, it follows that the countermotion of the defendants must be denied. Settle orders.