ARNOLD BAKERS, INC., et al., Plaintiffs, *v.* JOHN STRAUSS, as President, and ROBERT J. SULLIVAN, as Treasurer, of Bakery and Pastry Drivers & Helpers Local 802, American Federation of Labor, an Unincorporated Association, Defendant.

Supreme Court, Special Term, Westchester County, January 17, 1955.

*Samuel J. Cohen* for defendant.

*Frederick P. Close, Robert G. Fanelli* and *Arthur F. Gaynor* for plaintiffs.

BRENNAN, J. In this action brought to restrain and enjoin the defendant union from the continued commission of certain acts and conduct and for damages resulting therefrom, the defendant moves for judgment, pursuant to subdivision 1 of rule 107 of the Rules of Civil Practice, dismissing the complaint herein upon the ground that the Supreme Court of this State does not have jurisdiction of the subject of the action.

The defendant contends that by reason of the provisions of the National Labor Management Relations Act, Congress has conferred exclusive jurisdiction over the subject matter of this action upon the National Labor Relations Board, with the result that the instant controversy is excluded from State court jurisdiction. In this contention, the defendant strongly relies upon the case of *Garner* v. *Teamsters Union* (346 U. S. 485).

It is not disputed that one of the plaintiffs herein, Arnold Bakers, Inc., conducts a union shop and manufactures bread and bakery products which are sold (first, by said plaintiff to wholesalers and then, by the wholesalers to distributors) in several of the eastern States. However, the plaintiffs claim and allege that no labor dispute exists and that under various agreements existing first, between the bakery and the wholesalers and in turn, between the wholesalers and the distributors, each of the wholesalers and each of the distributors is an independent contractor. The complaint also alleges, among other things: that the defendant, by its conduct, is attempting to compel or induce the plaintiffs to breach the said contracts existing, respectively, between them; that the defendant has issued and made false, misleading and untrue statements in the form of handbills and picket signs; that by picketing stores to which the baked products are sold and delivered by the particular distributor and by distributing handbills to customers of said stores, the defendant has indulged in secondary boycotting and picketing; that the conduct of the defendant has inflicted and continues

to cause damage and injury to the plaintiffs; and further, that the said activities of the defendant have been indulged in for no lawful labor or union purpose.

It is settled law in this State that any intentional action which causes injury to another gives rise to tort liability unless the defendant shows such social or economic justification for his or its conduct as is recognized by law to be valid and proper. (*Opera on Tour* v. *Weber*, 285 N. Y. 348; *American Guild of Musical Artists* v. *Petrillo*, 286 N. Y. 226; *Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79.)

From a consideration of all of the facts alleged in the complaint herein, when taken and reviewed together, this court is of the opinion that the plaintiffs do not seek to enforce a right created by the National Labor Management Relations Act; nor do the facts, as alleged, involve an unfair union labor practice within the purview of said act. On the contrary, it is this court's view that the theory and gravamen of the complaint herein is to restrain and recover damages resulting from the continued commission of tortious acts and conduct, cognizable as such under the laws of this State.

In this court's opinion, the case of *Garner* v. *Teamsters Union* (*supra*), relied upon by the defendant, does not control the situation at bar. In the *Garner* case, the dispute was a subject provided for in the Labor Management Relations Act and hence was not within the jurisdiction of the State courts. Indeed, in construing the *Garner* case, the Federal courts have continued to hold that there is a complete absence of Congressional intent to divest the State courts of their historic jurisdiction over actions based on recurring torts governed by State law or State public policy. (*Irving Subway Grating Co.* v. *Silverman*, 117 F. Supp. 671; *United Mineral & Chem. Corp.* v. *Katz*, 118 F. Supp. 433; *Isbrandtsen Co.* v. *Schelers*, 118 F. Supp. 579; cf. *Teamsters Union* v. *Hanke*, 339 U. S. 471.) And the courts of this State have taken a similar view. (*Freydberg* v. *International Ladies' Garment Workers Union*, 128 N. Y. S. 2d 470; *Willoughby Camera Stores* v. *District No. 15, Int. Assn. of Machinists*, 205 Misc. 455; see, also, *Goodwins, Inc.*, v. *Hagedorn*, 303 N. Y. 300.)

Accordingly, the motion is denied. Submit order.