DOT'S BOULEVARD CORPORATION, Respondent, *v.* HENRY ROSENFELD, Appellant, et al., Defendants.

First Department, February 15, 1955.

*Solomon H. Friend* of counsel (*Jacob P. Rosenbaum* with him on the brief; *Solomon & Rosenbaum,* attorneys), for appellant.

*Per Curiam.* In this action to recover damages for defendants' alleged conspiracy to destroy plaintiff's business, the individual defendant Henry Rosenfeld appeals from an order insofar as it denies his motion to stay the action against him pending arbitration.

Defendant Henry Rosenfeld, Inc., is a manufacturer, and the individual defendant Henry Rosenfeld is the president thereof. A binding arbitration agreement exists between defendant corporation and plaintiff. The individual defendant is not a signatory to this agreement.

The question presented is whether stay of an action should be granted with respect to the individual defendant as well as with respect to the corporate defendant, where the corporation alone is party to an arbitration agreement embracing the gravamen of the action and where the issues before the arbitrator and those to be litigated before the court are closely intertwined.

It is the law that naming as defendants parties who are not subject to an arbitration agreement does not defeat the right of another defendant who is a party to such an agreement with plaintiff to obtain a stay of all proceedings. (*Matter of Carlin Constr. Co.* [*Bartley Bros. Constr. Corp.*], 280 App. Div. 801, affd. 305 N. Y. 784; *Matter of Goldman* [*Flash*], 278 App. Div. 830.) Likewise, it has been held that though a defendant is not a party to an arbitration agreement he may nevertheless obtain a stay of the action as to him where the issue involved in the action is referable to arbitration under a contract. This procedure is invoked in order to avoid the simultaneous prosecution of the court action and arbitration proceeding. (*Flash* v. *Goldman*, 278 App. Div. 829; *Bartley Bros. Constr. Corp.* v. *National Sur. Corp.*, 280 App. Div. 798.)

The determination of the arbitration proceeding between plaintiff and Henry Rosenfeld, Inc. is in noway binding in the action between plaintiff and Rosenfeld the individual. However, the action against Rosenfeld, as individual, may become entirely academic or unnecessary after the arbitrators will have decided the case between plaintiff and the corporation, as both causes of action set forth in the complaint are so intertwined with the issues to be decided in the arbitration proceeding that the determination of the merits of the action by the arbitrator as to the corporate defendant might well involve a disposition of all issues as to Rosenfeld, the individual. In the circumstances, we think that in the exercise of discretion, the action should be stayed as to appellant Rosenfeld pending the arbitration. If there be an unreasonable delay in arbitrating, plaintiff may move to vacate this stay. The order insofar as appealed from should be reversed and the motion for a stay as to appellant should be granted. Settle order.

Cohn, J. P., Callahan, Breitel, Botein and Rabin, JJ., concur.

Order, so far as appealed from, unanimously reversed and motion for stay granted. Settle order.