Samuel H. Hofstadter, J.
The plaintiff, a former employee of the defendant Robert Hall Clothes, Inc., has brought this action against his former employer, his labor union which had a collective bargaining agreement with an employers’ association of which the employer was a member, and against two officers of the union in their individual capacity. The complaint contains two causes of action, the first asserted against the employer alone and the second against the employer and the remaining defendants. The employer moves to stay the first cause of action until arbitration has been had in accordance with an arbitration agreement and to dismiss the second cause of action for lack of jurisdiction of the subject matter, or in the alternative to stay that cause of action also pending arbitration. By separate motion the remaining defendants join in the employer’s motion to dismiss the second cause of action for lack of jurisdiction or in the alternative to stay it until arbitration has been had. Since the two motions addressed to the second cause of action are thus in effect the same, both may conveniently be treated in a single opinion.
The first cause of action is to recover from the employer damages for wrongful discharge, based on the claim that the collective bargaining agreement entitled him to continuance of employment until termination of the collective agreement and *918 that he was wrongfully discharged before the termination of the agreement. It is obvious that this cause of action is founded upon and arises entirely out of the collective bargaining agreement. The agreement provides for arbitration of “ any complaints, grievances or disputes ” not alone between the employers’ association and the union, but between “ the members of the Association and any employee ” as well. It follows that the first cause of action must be arbitrated (Ott v. Metropolitan Jockey Club, 282 App. Div. 946, affd. 307 N. Y. 696, motion for reargument denied 309 N. Y. 948; Johnson v. King’s County Lighting Co., 141 N. Y. S. 2d 411). I find no merit in the plaintiff’s contention that, because the arbitration clause appears in a “ stipulation ” bearing the same date as the main collective bargaining agreement, which stipulation opens with a provision against lockouts and strikes, the arbitration clause is confined to lockouts and strikes. Not alone does the stipulation deal with additional matters and show by its context that it is to be read as part of the basic agreement, but the arbitration clause itself states that pending the determination by the arbitrator “ the employee or employees Avho are the subject matter of such dispute or disputes shall be continued in their regular employment.” This language, if applicable at all to a lockout or strike, certainly is not applicable to them exclusively. The affidavit of the union’s attorney states that many discharge disputes between individual employees and employers have been arbitrated pursuant to the clause. The union, moreover, expresses its willingness to proceed to arbitration under the agreement in the plaintiff’s behalf. In the circumstances, no good ground exists why the dispute should not be arbitrated.
The motion to dismiss the second cause of action rests on the ground that it alleges an unfair labor practice under the National Labor Relations Act (U. S. Code, tit. 29, § 158), of which the National Labor Relations Board alone has jurisdiction. It is admitted that the employer is engaged in interstate commerce extensively and that, Avere an unfair labor practice alleged, the National board would take jurisdiction. The question then is whether the second cause of action alleges an unfair labor practice. This cause of action charges that the defendants all conspired in a deliberate design to terminate the plaintiff’s employment, to prevent him. from procuring other employment and to destroy his ability to earn a livelihood in the industry, and to that end. the defendant employer transferred him to a store which it kneAv Avould be closed on December 31, 1955 and on that date terminated his employment, and that the other defendants thereafter eliminated him from membership in the *919 union and refused generally to take any action to enforce his rights and refused to accept his union dues. For their position that the claim so asserted is cognizable solely by the National Labor Relations Board, the defendants rely on Costaro v. Simons, (302 N. Y. 318) and like cases.
The National Labor Relations Act is directed primarily against discrimination in employment to encourage or discourage membership in a labor organization, and it makes it an unfair labor practice to discriminate against an employee for nonmembership as well as membership when the employer has reasonable grounds to believe that membership was not available to the employee on the same terms generally applicable to other members or that his membership was terminated for a reason other than nonpayment of dues (§ 158). Correspondingly, when a labor organization causes an employer so to discriminate against an employee it, too, commits an unfair labor practice. Analysis of the second cause of action shows that, while it unquestionably charges all the defendants with entering into and carrying out a conspiracy wrongfully to end the plaintiff’s employment and to rob him of the opportunity to obtain other employment, it nowhere charges that this conspiracy was born of or related to his membership or nonmembership in the union. It alleges, therefore, a general tort, not an unfair labor practice as defined in the act. (Arnold Bakers v. Strauss, 207 Misc. 752, affd. 1 A D 2d 604). This court has jurisdiction of such a cause of action.
The second cause of action is, however, so inextricably bound up with the first, that the two should not be contested separately at the same time. As to the employer the second cause of action may well be arbitrable; in any case, a determination of the arbitration, even on the first cause of action alone, in favor of the employer, might be destructive of the plaintiff’s claim on both causes of action as against all the defendants. (See Israel v. Wood Dolson Co., 1 N Y 2d 116.) In the circumstances, discretion dictates the propriety of staying proceedings under the second cause of action until the termination of the arbitration (Dot’s Blvd. Corp. v. Rosenfeld, 285 App. Div. 425).
Accordingly, the motions for a stay of both causes of action are granted and the motions to dismiss the second cause of action are denied. Settle order.