James J. Crisona, J.
Motion by defendant Grover for an order staying all proceedings in this action pending arbitration.
Plaintiff sued Ms employer, the defendant Grover, to recover money allegedly due to Mm under an employment agreement, which provided for the payment of $150 per week plus 10% of the net profits of the business. The contract contained a provision that any disagreement between the parties involving any matter relating to the contract should be settled by arbitration.
Plaintiff does not dispute the validity of the arbitration clause and concedes that it comprehends the first cause of action wMch is brought to recover a sum allegedly due as profits. Plaintiff contends, however, that the second cause of action, brought against the defendant employer and Ms codefendant, an accountant, for conspiracy to defraud the plaintiff, is beyond the pale of the arbitration clause since the codefendant is not a party to the agreement and is, therefore, not bound by the arbitration clause.
TMs argument is without merit. Plaintiff cannot, by naming as a defendant one who is not subject to arbitration, defeat the right of the moving defendant to arbitration under the agreement. Indeed, it has even been held that a codefendant who is not a party to the arbitration agreement may obtain a stay to avoid the simultaneous prosecution of the court action and the arbitration proceeding. (Flash v. Goldman, 278 App. Div. 829; Dot’s Blvd. Corp. v. Rosenfeld, 285 App. Div. 425.)
What remedies plaintiff may have, if there is unreasonable delay in the arbitration proceeding or after its termination, need not be passed on at this time (cf. cases cited supra).
The motion for a stay is granted. Submit order.