Anthony M. Livoti, J.
The defendant moves for an order pursuant to section 1451 of the Civil Practice Act “ staying the plaintiff from prosecuting this action until the issues have been submitted first to arbitration. ’ ’
Plaintiff was a subcontractor of Edward Corning Company, the contractor for general construction of the new Junior-Senior High School in Smithtown, New York. This action was brought on a payment bond executed by the defendant as surety, conditioned for the payment to plaintiff of labor and materials furnished in connection with said project. Concededly there is no arbitration agreement between the plaintiff and the defendant. The latter, however, claims that the contract between the plaintiff and Edward Corning Company contains an arbitration clause sufficiently broad to encompass the issues presented in the instant action.
It has been held that although a defendant is not a party to an arbitration agreement, he may nevertheless obtain a stay of an action as to him where the issue involved in that action is referable to arbitration under a contract, and this procedure is invoked to avoid the simultaneous presentation of the court action and arbitration proceedings. (Dot’s Blvd. Corp. v. Rosenfeld, 285 App. Div. 425 and the authorities cited p. 426.) In Bartley Bros. Constr. Corp. v. National Sur. Corp. (280 App. Div. 798) where such a stay was granted, the plaintiff therein had already been directed to proceed to arbitration of a dispute with the defendant’s principals, which presumably involved the same issues as those presented in the action.
*115 In the case at bar, no arbitration proceedings are now pending between the plaintiff and the general contractor Edward Corning Company. Indeed, it is doubtful whether the issues upon which the determination of the instant action will depend are even referable to arbitration. The plaintiff seeks to recover the sum of $65,971.38, the alleged balance due for the reasonable value of labor and materials furnished by it in connection with the concrete and cement work performed at the Smithtown Junior-Senior High School. The subcontract between the plaintiff and the general contractor, however, limits arbitration in paragraph “ sixteenth ” thereof to disputes between them “either as to the fact or the value of an extra or credit.” Obviously, this does not cover the dispute or controversy as to the amount due for work performed on the project.
As to the arbitration clause contained in the prime contract between the general contractor and the owner, it is extremely questionable whether the plaintiff here may be compelled to arbitrate thereunder when it is borne in mind that the type of dispute made referable to arbitration in paragraph ‘ ‘ sixteenth ’ ’ of the agreement between the plaintiff and the general contractor was limited, as noted before, to “ either as to the fact or the value of an extra or credit.”
No one is under duty to resort to arbitration unless by clear language he has so agreed. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130, 132.) As was noted in Matter of Riverdale Fabrics Corp. (Tillinghast-Stiles Co.) (306 N. Y. 288, 289): “Although one may by contract bargain away his right to resort to the courts in matters which might be the subject of a civil action (Civ. Prac. Act, § 1448), * the agreement to do so will not be extended by construction or implication ’ (Western Assur. Co. v. Decker, 98 F. 381, 382). ’ ’ And at page 291: ‘ ‘ The intent [to arbitrate] must be clear to render arbitration the exclusive remedy; parties are not to be led into arbitration-unwittingly through subtlety.” The motion is, accordingly, denied.