Samuel H. Hofstadter, J.
These are applications for a stay. One is made by Jalee Glatstian, as petitioner, to stay an arbitration instituted by Frieda E. Peller; the other is made by her, as petitioner, to stay an action instituted by Glatstian against her and her husband Harold Peller.
The following chronology is helpful to an understanding of the situation: On July 15, 1959 Frieda E. Peller, Gladstian, one Lester Rosenfeld and Elm Hotel Corp. (now known as Executive Hotel on Madison Avenue, Ltd.), entered into a stockholders’ agreement with respect to their interests in the corporation (Executive), and its operation, which was the running of a hotel. This agreement contained a broad arbitration clause (16), providing for the submission of any dispute to the American Arbitration Association for arbitration. On June 19, 1961, Frieda E. Peller served a demand for arbitration under the agreement, which was .supplemented by a further demand of August 22, 1961 on a form of the American Arbitration Association. Glatstian through his attorney filed an answer in the arbitration proceeding in which he challenged the jurisdiction of the association because the underlying contract 1 ‘ was an exaction of tribute in perpetuity by the Respondent’s attorney, Harold Peller, the husband of the Petitioner herein, and that said agreement is void.” The answer further stated that the claim for relief sought in the demand for arbitration was unfounded. Thereafter arbitrators were appointed and a hearing set.
On November 27, 1961 Glatstian as petitioner obtained an order to show cause for a stay of the arbitration in which a hearing was then scheduled for December 1, 1961. In his petition he stated that he was instituting suit in this court and made his complaint in the action a part of the petition. The complaint, also verified November 27, 1961, is against both Harold Peller (Harold) and the petitioner Frieda E. Peller (Frieda); it is unnecessary to review its allegations. In essence it charges that Harold, as Glatstian’s attorney, took unfair advantage of Glatstian and that his wife Frieda, also an attorney, became a stockholder in the corporation as Harold’s nominee. After Frieda was served with the summons and complaint and the November 27, 1961 order to show cause, she on December 11, 1961 obtained an order to show cause to stay Glatstian’s action. So far as appears, Harold has not yet been served in the action.
Glatstian founds his application for a stay on the thesis that the court is a more appropriate forum than an arbitral tribunal for the scrutiny of an attorney’s conduct. He does not assert *555 that, hut for this phase of the problem, the controversy as between him and Frieda, is not arbitrable under the July 14, 1959, agreement. Were Harold a party to that agreement and were he demanding arbitration under it, conceivably the contention urged by Grlatstian might have to be considered. Since, however, that is not the situation confronting the court the question is not reached. The assertion that Frieda is Harold’s nominee does not alter the fact that she is the signatory of the contract and that Grlatstian, for whatever reason, accepted her as such. As a signatory, she is entitled to the resolution of any controversy under it by arbitration as therein provided. Her right to arbitration is not defeated by naming Harold, who is not subject to the arbitration agreement, as a party defendant in the action (Dot’s Blvd. Corp. v. Rosenfeld, 285 App. Div. 425). She is, therefore, entitled to a stay of the action as to her.
In her affidavit in answer to Grlatstian’s petition, Frieda states that any evidence legally admissible against Harold be admissible as against her “ in any arbitration proceeding or action between the parties.” To bind her to this commitment, she will be required on the settlement of the order hereon to file a formal stipulation to that effect.
It follows from the foregoing that Grlatstian’s application for a stay of the arbitration must be denied because the controversy is arbitrable under the agreement (see Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329). Thus, it becomes unnecessary to discuss Frieda’s further contention that Grlatstian has already participated in the arbitration to such extent as to submit himself to the jurisdiction of the arbitrators.
The question of Harold’s right to a stay of the action, after he becomes a party to it, is not before me.