■ BERNARD LERMAN, Respondent, v HAROLD RUSSELL et al., Appellants, et al., Defendant. [616 NYS2d 961] —Order, Supreme Court, New York County (Edith Miller, J.), entered on or about March 29, 1994, which, *inter alia,* directed the parties to submit their dispute to arbitration, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of directing that the arbitration proceed only with respect to plaintiff and defendant Russell and that the action be stayed with respect to defendant KRL pending the outcome of the arbitration, and otherwise affirmed, without costs.

Arbitration is the proper form of resolution for the issues being litigated here between plaintiff Lerman and defendant Russell since said issues are pertinent to the validity and effect of the share purchase agreement and its effect upon the original shareholders agreement, which contains a broad arbitration clause *(see, Matter of Fener Realty Co. [NICO Constr. Co.],* 182 AD2d 436).

However, since KRL did not sign the shareholders agreement containing the arbitration clause, it cannot be compelled to arbitrate *(Matter of Brookfield Clothes v Tandler Textiles,* 78 AD2d 841, 842). Accordingly, we hereby stay the action below with respect to KRL in order to avoid simultaneous prosecution of the action and the arbitration, both of which involve the same controversy *(see, Flash v Goldman,* 278 App Div 829). Concur—Sullivan, J. P., Carro, Kupferman, Nardelli and Tom, JJ.