■ Roza Ayzenberg, Respondent-Appellant, v Bronx House Emanuel Campus, Inc., Doing Business as Berkshire Hills Emanuel Camps, Appellant-Respondent. [941 NYS2d 106]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered October 13, 2011, which denied defendant's motion to stay the proceeding and compel arbitration pending further discovery, unanimously reversed, on the law, without costs, the motion to compel arbitration granted, and the action stayed.

In this action for personal injuries allegedly suffered by plaintiff while she and her husband were guests at defendant's camp facility, defendant moved to stay the proceeding and compel arbitration based on an arbitration clause contained in the application for defendant's camp program that was filled out by plaintiff's husband and bears his signature. We find that the arbitration clause is binding on plaintiff. Irrespective of whether there was a language barrier that precluded plaintiff and her husband from understanding the content of the application, they are bound by its enforceable terms (*see Shklovskiy v Khan,* 273 AD2d 371, 372 [2000]). Although plaintiff's husband signed the application, which provided for the couples' joint participation in defendant's program, plaintiff is bound by it since her husband had, at the very least, apparent authority to sign for her (*see* Restatement [Second] of Agency §§ 8, 27).

Plaintiff's assertion that the arbitration clause does not apply to this personal injury action because it provides for the submission of claims "pursuant to the Commercial Rules of the American Arbitration Association," is unavailing. The clause provides for arbitration of *"any dispute* resulting from [their] stay at" defendant's facility (emphasis supplied), and thus, this matter is not excluded (*see Marmet Health Care Center, Inc. v Brown,* 565 US —, 132 S Ct 1201 [2012]; *see also Remco Maintenance, LLC v CC Mgt. & Consulting, Inc.,* 85 AD3d 477 [2011]).

Contrary to plaintiff's argument, we find that the sale/purchase of the services defendant provided constitutes a transaction "involving commerce" within the meaning of the Federal Arbitration Act (*see Citizens Bank v Alafabco, Inc.,* 539 US 52,

56 [2003]). Thus, we find that to the extent General Business Law § 399-c may prohibit the subject arbitration clause, it is preempted by federal law.

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli J.P., Andrias, Moskowitz, Acosta and Abdus-Salaam, JJ.