■ DAVID FRIEDMAN, Respondent, v THE HEBREW HOME FOR THE AGED AT RIVERDALE, Appellant. [13 NYS3d 896]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 6, 2014, which denied defendant's motion to stay this action pending arbitration, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff brought this action alleging negligence after his mother was injured at defendant's facility. Defendant seeks to stay the action pending arbitration, pursuant to the arbitration clause in the admission agreement that plaintiff executed in placing his mother in its care. Contrary to the motion court's finding, the arbitration clause is not invalidated by Public Health Law § 2801-d ("Private actions by patients of residential health care facilities"). Because defendant is engaged in interstate commerce, the Federal Arbitration Act preempts Public Health Law § 2801-d (*Ayzenberg v Bronx House Emanuel Campus, Inc.*, 93 AD3d 607 [1st Dept 2012]). The McCarran-Ferguson Act (15 USC § 1012 [b]), which "reverse preempts" certain federal laws affecting insurance, is not implicated here,

because Public Health Law § 2801-d was not "enacted 'for the purpose of regulating the business of insurance,' within the meaning of [the Act]" (*Department of Treasury v Fabe*, 508 US 491, 493 [1993]; *see also Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 123 AD3d 51, 59-60 [1st Dept 2014]).

We find that the arbitration clause is not unconscionable, either procedurally or substantively (*see Lawrence v Graubard Miller*, 11 NY3d 588 [2008]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.