Minogue v Malhan (2019 NY Slip Op 08638)





Minogue v Malhan


2019 NY Slip Op 08638


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10473N 24783/17E

[*1] Ann Minogue, etc., et al., Plaintiffs-Respondents,
v
Rishi Malhan, M.D., et al., Defendants, Worku Bitew Zewdu, M.D., et al., Defendants-Appellants.


Bartlett LLP, Mineola (Robert G. Vizza of counsel), for appellants.
Antin, Ehrlich & Epstein, LLP, New York (Anthony V. Gentile of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered July 9, 2018, which to the extent appealed from, denied defendants-appellants' motion to compel arbitration and stay the action, unanimously modified, on the law, to grant the motion to the extent of directing that the arbitration proceed only with respect to plaintiffs and defendants Worku Bitew Zewdu, M.D., Jewish Home Lifecare Harry and Jeanette Weinberg Campus Bronx, Jewish Home Lifecare, Jewish Home Lifecare Care Management, LLC, and "The New Jewish Home" (collectively, the JHL defendants), and otherwise affirmed, without costs.
Contrary to plaintiffs' argument, the arbitration clause at issue in this case is enforceable. Because the JHL defendants were engaged in interstate commerce, the Federal Arbitration Act preempts the New York Public Health Law § 2801-d and New York State General Business Law § 399 (see Friedman v Hebrew Home for the Aged at Riverdale, 131 AD3d 421, 421 [1st Dept 2015, lv dismissed 28 NY3d 1050 [2016]).
Furthermore, Supreme Court erred in declining to enforce the arbitration clause between plaintiffs and the JHL defendants. Arbitration is the proper form of resolution for the issues being litigated between plaintiffs and the JHL defendants, since the pertinent issues arise out of their contract, which, as noted, contains an enforceable arbitration agreement (see Lerman v Russell, 207 AD2d 746 [1st Dept 1994]; Dot's Blvd. Corp. v Rosenfeld, 285 App Div 425 [1st Dept 1955]). The mere fact that plaintiffs named additional defendants, who are not signatories to the arbitration agreement, does not foreclose the JHL defendants' right to enforce arbitration.
However, we decline to stay plaintiffs' plenary action against those defendants who are not signatories to the arbitration agreement. The allegations in plaintiffs' complaint against the JHL defendants and the non signatory defendants are not "so intertwined" as to warrant a stay pending arbitration
(cf. Dot's Blvd. Corp., 285 App Div at 426 [action stayed as to non signatory to arbitration agreement where causes of action in complaint were "so intertwined" with issues to be decided by arbitrator]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK