### ASSETS COLLECTING CO. v. EQUITABLE TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

VENUE ⬤⟳61—CHANGE OF VENUE—LACHES.

Where defendant, having noticed a case for trial, and after it had been placed upon the calendar secured a delay of more than 20 months, he was guilty of such laches as would prevent him from moving for a change of the place of trial.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 94–99; Dec. Dig. ⬤⟳61.]

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Westchester County.

Action by the Assets Collecting Company against the Equitable Trust Company of New York. From an order of the Special Term changing the place of trial, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Ferdinand E. M. Bullowa, of New York City, for appellant.

William E. S. Griswold, of New York City, for respondent.

RICH, J. While no reason is given as a ground for making the order by the learned justice at Special Term, it is contended by respondent that the order was properly granted because, first, the county of Westchester was not the proper county; second, that this is a transitory action, and should be tried where the transaction occurred; and, third, upon the ground of the convenience of witnesses.

The action was commenced by the service of the summons and complaint in December, 1911. The answer was served January 21, 1913, and plaintiff's reply was served May 6, 1913, and the case is now on the calendar of the Westchester Trial Term for trial, it having been noticed by both parties in 1913. On the 13th day of January, 1915, the parties stipulated that the action "be set for trial on the calendar of the Trial Term of the Supreme Court held in and for the county of Westchester on the 15th day of February, 1915, and that said action shall be so marked for trial on the call of any calendar on which it may appear prior to that date."

The defendant was not entitled to the order as a matter of right, upon the ground that neither party to the controversy resided in the county of Westchester, because no demand for a change of the place of trial was served before or with the answer, as required by section 986 of the Code of Civil Procedure. We do not decide, however, that the plaintiff does not reside in Westchester county. It has been held so often that it seems to be unnecessary to cite authorities to sustain the proposition that the place of trial of an action will not be changed from a rural county to either the county of New York or the county of Kings, and the defendant was not entitled to the order upon that ground. After noticing the case for trial, and after it was upon the calendar, the defendant secured a delay of more than 20 months before moving to change the place of trial, and now, after obtaining the benefit of this long delay, the motion ought to have been denied upon the ground of laches.

The order must therefore be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.