**UNITED STATES v. EDGERTON & SONS, Inc.**

No. 7, Docket 21231.

United States Court of Appeals
Second Circuit.

Argued Dec. 5, 1949.

Decided Dec. 28, 1949.

David R. Lessler, of Bridgeport, Conn., Attorney for appellant.

Adrian W. Maher, United States Attorney, Hartford, Conn., for appellee; Edward J. Lonergan, Assistant United States Attorney, Hartford, Conn., of counsel.

Before L. HAND, SWAN and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This is an action in replevin brought by the United States to obtain possession of a large quantity of powdered eggs which were in storage in the defendant's warehouse. The defendant asserted a warehouseman's lien and refused delivery unless its storage charges were paid. After the pleadings were at issue the plaintiff moved for summary judgment on the ground that no lien can be created against government-owned property without the consent of the United States. This motion was granted but the resulting judgment was thereafter reopened so that the defendant might amend its answer and counterclaim to plead that the eggs were owned by the Commod-

ity Credit Corporation, a Delaware corporation, and that a government inspector named Quinn had authority to obtain storage of the eggs and had requested the defendant to store them. Upon the amended pleadings the district court again awarded the plaintiff summary judgment, being of opinion that the reasons of public policy protecting government-owned property from lien "apply with equal strength where the property is held by the government through a wholly-owned or controlled corporation."

■ With this conclusion we are unable to agree. When the United States conducts business transactions through a corporation, the tendency of recent decisions is to hold that such corporation does not possess sovereign immunity unless expressly endowed with it. Reconstruction Finance Corp. v. J. G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595; Federal Housing Administration, Region No. 4, v. Burr, 309 U.S. 242, 60 S. Ct. 488, 84 L.Ed. 724; Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Sloan Shipyards Corp. v. U. S. Shipping Board Emergency Fleet Corp., 258 U.S. 549, 567, 42 S.Ct. 386, 66 L.Ed. 762. Commodity Credit Corporation was created in 1933 pursuant to Executive Order 6340, Oct. 16, 1933. 6 C. F. R. §§ 200.1–200.8; see also 15 U.S.C.A. § 713. Its charter, which appears in the Congressional Record, Vol. 79, Part 2, Page 1552, gave it the broadest possible powers to acquire and dispose of property, including the power "to pledge all or any of its property" and "to authorize and cause to be executed mortgages and liens upon the real and personal property of the corporation." Immunity from federal and state taxation was expressly conferred by the Act of March 8, 1938, 15 U.S.C.A. § 713a–5. Thus the implication arises that the corporation possessed no other immunity, and this is fortified by the fact that in 1948 when it was succeeded by a corporation of the same name under a federal charter, immunity from liens was expressly reserved to the federal corporation. Sec. 4(c), Pub.L. 806, 80th Cong., 2d Sess., 15 U.S.C.A. § 714b(c); for legislative history see U. S. Code Congressional Service, 80th Cong., 2d Sess., Vol. 2, p. 2148. We think it clear that the Delaware corporation had power to subject its property to a warehouseman's lien for storage. Consequently the plaintiff's summary judgment on the complaint and the counterclaim can be sustained, if at all, only on the ground that the undisputed allegations of fact show that no lien was created and no contractual obligation was incurred.

■ Prior to the storage of the powdered eggs, Commodity Credit Corporation had arranged with the Packaging Corporation of Shelton, Connecticut, for packaging the eggs into containers. The eggs were delivered in quantities exceeding the capacity of the Packaging Corporation to handle them, and carloads of eggs began to accumulate in the railroad yard. In September 1947 a representative of the Packaging Corporation, accompanied by a government inspector named Quinn, called upon the defendant and requested it to unload the eggs from the freight cars, store them in its warehouse and send the bills for storage to the Packaging Corporation. Inspector Quinn confirmed the emergency and informed the defendant that it would render a distinct service to the government by storing the eggs. Acting upon these statements the defendant stored the eggs in its warehouse. Thereafter the Packaging Corporation went bankrupt, its contract for packaging the eggs was terminated, and Commodity Credit Corporation reclaimed the eggs from the bankrupt's trustee and notified the defendant to surrender possession. Upon its refusal to surrender unless its storage charges were paid, the present action in replevin was brought. The amended answer and counterclaim alleged that Inspector Quinn was duly authorized to act for Commodity Credit Corporation and the United States in obtaining storage of the powdered eggs to prevent their spoiling, and that acting within such authority he requested the defendant to store them. The plaintiff's answer to the counterclaim denied these allegations. It is perfectly clear therefore that there were disputed issues of fact with respect to Quinn's authority and what he said. It is true that the de-

fendant was told to send the storage bills to the Packaging Corporation. What effect that fact may have on the warehouseman's claim of lien or on the contract obligation asserted in the counterclaim should not be determined on motion for summary judgment but should await a trial in which the entire conversation, as well as the inspector's authority to act for Commodity Credit Corporation, may be explored.

Judgment reversed and cause remanded.