SAM FLASH, Appellant, v. HARRY F. GOLDMAN, Defendant, and GEORGE A. LESSALL, Respondent.— In an action based upon the alleged destruction of plaintiff's rights under a contract, as amended, entered into between plaintiff and the defendant Goldman, plaintiff appeals from an order which stays all proceedings in the action, as against respondent, until arbitration shall have been had in accordance with the terms of the afore-mentioned contract. Order affirmed, with $10 costs and disbursements. The defendant Goldman has been granted a stay of the action pending arbitration. (See *Matter of Goldman* [*Flash*], *post*, p. 830, decided herewith.) While respondent is not a party to the agreement which contains the provision for arbitration and consequently is not entitled to a stay as a matter of right (cf. Civ. Prac. Act, § 1451), the order was properly granted in the exercise of the court's discretion, to avoid the simultaneous prosecution of the action and the arbitration proceeding, both of which involve the same controversy. We express no opinion as to plaintiff's right, if any, to continue the action against respondent after the determination of the arbitration proceeding between plaintiff and defendant Goldman. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.

TERENCE HEARN, Respondent, v. FARRELL LINES, INC., Appellant.— Plaintiff, a seaman, sues to recover damages for the alleged negligence of the defendant in failing to provide adequate medical care. The venue is laid in Kings County. Plaintiff, concededly, is a resident of New York County. The defendant moved to change the venue from Kings County to New York County pursuant to section 182 of the Civil Practice Act on the ground that both parties are residents of New York County and that defendant has its principal place of business in New York County. Its certificate of incorporation recites that its principal place of business is in that county. Defendant appeals from the order denying its motion. Order reversed on the law, with $10 costs and disbursements, and motion to change the venue granted, with $10 costs. (*Lageza* v. *Chelsea Fibre Mills*, 135 App. Div. 731; *Poland* v. *United Traction Co.*, 88 App. Div. 281, affd. on opinion below, 177 N. Y. 557; *Ray* v. *Bee Line*, 180 Misc. 172.) The fact that the defendant has a pier in the county of Kings does not make it a resident of Kings County. Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.