JONAS EQUITIES, INC., Respondent, v. 614 E. 14TH STREET REALTY CORP. et al., Appellants.— In an action by a lessee of real property for a declaratory judgment as to the rights of the parties pursuant to the lease and for other relief, defendants appeal from an order which (1) granted plaintiff's motion for an injunction *pendente lite,* restrained defendants from demanding payment of rent or other obligations pursuant to the lease and from declaring any default by reason of the nonpayment thereof and which (2) granted defendants' cross motion for an order changing the place of trial from Nassau County to New York County to the extent of transferring the action to Kings County. Order modified by striking from the second ordering paragraph the words following the word "granted". As so modified, the order is affirmed, without costs. Discretion was not abused by the issuance of the temporary injunction. However, the motion to transfer the action should have been granted. When the action was commenced the certificate of incorporation of respondent, a

domestic corporation, designated Kings County as the place where its principal office was located. After appellants had served a demand that the place of trial be changed to New York County (Rules Civ. Prac., rule 146), and after the affidavit in support of the cross motion was verified (and apparently served), an amendment of respondent's certificate of incorporation was filed, changing the location of its office to Nassau County. That amendment was executed by the corporation prior to and presumably in contemplation of the commencement of the action. The residence of a party must be determined as of the time of the commencement of the action. (Civ. Prac. Act, § 182.) For purposes of venue, the residence of respondent was in the county designated in its certificate of incorporation as the place where the office of the corporation was to be located. (*Hearn* v. *Farrell Lines,* 278 App. Div. 829; *Poland* v. *United Traction Co.,* 88 App. Div. 281, affd. on opinion below, 177 N. Y. 557; *Schoen* v. *Board of Educ., Cambridge Central School Dist.,* 274 App. Div. 682.) Appellants were entitled to have the place of trial changed (Rules Civ. Prac., rule 146) to New York County, the place of their " residence ". (*Hearn* v. *Farrell Lines, supra.*) Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.