■ COMMERCIAL STATE BANK AND TRUST COMPANY OF NEW YORK, Respondent, v. FRANCIS S. RITZ, Appellant. — In an action by a corporation, organized pursuant to the banking laws of this State, to recover on notes, the appeal is from an order denying appellant's motion to change the place of trial from Kings County to Genesee County and granting respondent's cross motion

to change the venue to New York County. Order reversed, with $10 costs and disbursements, appellant's motion granted, without costs, and respondent's cross motion denied, without costs. Appellant was and is a resident of Genesee County. Respondent based its cross motion on the ground that the action had been instituted in Kings County through inadvertence. The record warranted a determination that respondent's officer and its attorney who were in charge of this matter did not know that its certificate of incorporation had been amended in 1950 through its general counsel to change the location of its principal place of business from Kings County to New York County. For purposes of venue, respondent was a resident of New York County (*Hearn* v. *Farrell Lines,* 278 App. Div. 829; *Jonas Equities* v. *614 E. 14th St. Realty Corp.,* 282 App. Div. 773). Since the action was instituted in a county wherein none of the parties resided at the commencement of the action, appellant, at his option, had the right to serve a demand and move for a change of venue to the county wherein one of the parties resided (*Hearn* v. *Farrell Lines, supra; Abbott Bread Co.* v. *Schlansky,* 242 App. Div. 774; *Goldstein* v. *Goldstein,* 243 App. Div. 777). While appellant's right to a change of venue to a proper county of his choice was absolute, we shall assume that respondent was entitled to make a cross motion to retain the venue in the county in which the action was originally brought or to change it to another county on the ground that the convenience of material witnesses and/or the ends of justice would be promoted by the granting of the cross motion (Civ. Prac. Act, §§ 117, 187). There was nothing shown as to the convenience of witnesses. In our opinion, it will not promote the ends of justice to deprive appellant of his right to a change of the place of trial to the county wherein he resides and change the place of trial to New York County on the sole ground that the action was instituted in Kings County inadvertently and through mistake because the attorney and respondent's corporate officer did not know the location of its principal place of business as described in its certificate of incorporation. When a discretionary motion for a change of venue is involved, a rural county, where calendars are not congested, is to be preferred to an urban one where conditions are otherwise (*Bernstein* v. *McKane,* 3 A D 2d 764; *Taller & Cooper* v. *Rand,* 286 App. Div. 1096; *Assets Collecting Co.* v. *Equitable Trust Co.,* 168 App. Div. 145). *Erhardt* v. *Pottier & Stymus Co.* (91 App. Div. 609), cited by Special Term, is distinguishable. In that case, the court changed the place of trial to a county where the calendars were less congested than in the one to which the defendant sought to change the place of trial. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur. Settle order on notice.