■  AWARD INCENTIVES, INCORPORATED, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33183.) — Appeal from an order of the Court of Claims which granted claimant's motion for a change of venue from the Albany district of the Court of Claims to the New York district, for the convenience of witnesses and in the interests of justice.  The claim involves an alleged breach of contract for a supply of two lots of Long Service Medals which the State ordered.  When the medals were received they were rejected on the ground they did not conform to specifications.  The claim has been at issue since May, 1955, but the motion to change the place of trial was not made until May 24, 1957, after claimant had requested a number of adjournments on the Albany district calendar.  The motion might well have been denied on the ground of laches (*Schwartz* v. *Cuyler*, 256 App. Div. 1041; *Assets Collecting Co.* v. *Equitable Trust Co.*, 168 App. Div. 145).  There is no provision in the Court of Claims Act for a change of venue, and hence it has been assumed that

section 187 of the Civil Practice Act, and cases interpreting this section, apply to motions made for a change of venue in the Court of Claims (*Richard* v. *State of New York*, 281 App. Div. 947). Under the tests applied in the Supreme Court claimant is not entitled to a change of venue on the papers submitted. Claimant's main allegations are that its plant is located in New York City at William Street, and that its expert consultants are located at Fulton Street, in the same city. Claimant argues, that if required to try the claim in Albany it will have to bear the traveling, hotel and other expenses, of its experts, as well as the expenses of an attorney. However the State has witnesses in Albany, some who are still in the State service and some who are not. All five of the witnesses whom the State proposed to call reside in Albany, and in addition whatever public records may be involved are on file there. Claimant's case boils down to a matter of convenience to itself and its experts. This is not sufficient to sustain a change of venue under section 187 of the Civil Practice Act, or any of the cases cited thereunder. Order reversed and claimant's motion denied, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.