SINASON TEICHER INTER AMERI-
CAN GRAIN CORP., Plaintiff,

v.

COMMODITY CREDIT CORPORATION,
Defendant.

Civ. A. No. 6516.

United States District Court
N. D. New York.

Dec. 3, 1957.

Milton S. Teicher, New York City, Bond, Schoeneck & King, Syracuse, N. Y., for plaintiff. N. Earle Evans, Syracuse, N. Y., of counsel.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., for defendant. Kenneth P. Ray, Asst. U. S. Atty., Syracuse, N. Y., of counsel.

BRENNAN, Chief Judge.

Plaintiff, in this action, seeks to recover a money judgment for the alleged breach of a contract. Reliance rests upon the provisions of 15 U.S.C.A. 714b as the statutory authority for its maintenance.

Three grounds are urged by the defendant on this motion as the bases for the relief sought. (1) A failure to state a claim upon which relief can be granted; (2) lack of jurisdiction; (3) improper venue.

It is unnecessary to discuss the facts of the action but a brief reference to the statute involved is deemed essential.

The pleadings, briefs and argument are all based upon the theory that the Commodity Credit Corporation is an instrumentality of the United States and thus has a sovereign's immunity from suit. United States v. Hicks, D.C., 137 F.Supp. 564; United States v. Bowden, D.C., 105 F.Supp. 264. This immunity has been waived by the Congressional enactment found in 15 U.S.C.A. 714b (c) which provides that it may sue and be sued and that the district courts of the United States have exclusive original jurisdiction of all such suits.

The pertinent part of the statute which gives rise to the controversy here is contained in the following sentence. "Any suit against the Corporation shall be brought in the District of Columbia, or in the district wherein the plaintiff resides or is engaged in business".

The defendant contends that since there is no allegation in the complaint that the plaintiff resides or transacts business in the Northern District of New York that no sufficient claim for relief is stated. The further claim is made in the alternative that there is a lack of jurisdiction of the subject matter or improper venue, since the plaintiff does not reside in or is it engaged in business in this district.

The plaintiff contends that the quotation from the above statute is a matter of venue only and that plaintiff, having alleged that it is a domestic corporation, the venue of the action is properly in the Northern District of New York.

As far as material to the questions involved here, the complaint after alleging plaintiff's incorporation contains no allegation as to the location of its office as same is required to be designated in its certificate of incorporation. (N. Y. Stock Corporation Law, McKinney's Consol. Laws, c. 59, Sec. 5). Neither does it show where in fact it is engaged in business. In the course of the argument however it seemed to be conceded the plaintiff's principal place for the transaction of business and where in fact it is engaged in business is at New York City in the Southern District of New York. At least it is not engaged in business or has a principal place for the transaction of business within this district.

Although defendant's first contention as to the failure of the pleading would be valid if the problem is one of jurisdiction (Matheny v. Porter, 10 Cir., 158 F. 2d 478; Berry v. Heller, D.C., 79 F.Supp. 476, at page 478), such defect could be cured by amendment and the decision here may better rest upon the determination of the other questions raised. For the purpose of such decision, the above statement as to the location of its office and the place where the plaintiff is engaged in business will be deemed to be correct.

Whether the quotation, above, taken from the statute, imposes a jurisdictional

limitation (United States v. Sherwood, 312 U.S. 584, at page 586, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 309 U.S. 495, at page 501, 60 S.Ct. 659, 84 L.Ed. 888; State of Minnesota v. U. S., 305 U.S. 382, at page 388, 59 S.Ct. 292, 83 L.Ed. 235; Wallace v. U. S., 2 Cir., 142 F.2d 240) or is a matter of venue (Industrial Addition Ass'n v. Commissioner, 323 U.S. 310, 65 S.Ct. 289, 89 L.Ed. 260; Hoiness v. U. S., 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16; Panhandle Eastern Pipe Line Co. v. Federal Power Commission, 324 U.S. 635, 65 S. Ct. 821, 89 L.Ed. 1241), need not be labored since the ultimate decision turns on the same facts. This is because residence or engaging in business within the Northern District of New York is essential to either the jurisdiction of the court or the venue of the action. We can now turn to a discussion of that question.

■ There is no room for plaintiff's contention that the general venue statute 28 U.S.C.A. § 1391 applies. Assuming that the provision of the statute under discussion is one of venue, as claimed by the plaintiff, the special venue provision of the statute creating the right to sue would govern over the general venue statute (Gulf Res. & Dev. Co. v. Schlumberger Well Sur. Corp., D.C., 92 F.Supp. 16). Any other application of the pertinent provision of 15 U.S.C.A. 714b would leave it without meaning or effect.

■ Neither can the plaintiff now invoke the general venue statute upon the theory that the Commodity Credit Corporation has no immunity from suit. United States v. Edgarton & Sons, Inc., 2 Cir., 178 F.2d 763. Plaintiff alleges that the action arises under 15 U.S.C.A. 714, etc. No other basis for the court's jurisdiction is alleged. If reliance is now placed upon some other theory of jurisdiction, such as diversity of citizenship, then the complaint is defective because it lacks the essential jurisdictional allegations.

There is no claim made that the plaintiff is engaged in business in this district so that the question is further narrowed to a determination as to whether or not the plaintiff resides in this district as the term is used in the statute.

■ Plaintiff's argument is to the effect that the general venue statute (Sec. 1391) has been construed by some courts as applying to corporate plaintiffs as well as corporate defendants. This is a matter of controversy resulting in conflicting lower court decisions. Albright & Friel, Inc., of Delaware v. U. S., D.C., 142 F.Supp. 607, at page 608, footnote 2. I fail to see how this contention is helpful to the plaintiff. Plaintiff seems to conclude that since it is a New York corporation, it is "licensed" to do business throughout the state and its residence is anywhere within the state for venue purposes.

The fallacy in the argument and conclusion is that plaintiff, having asserted that the provision of 714b is a venue requirement, then proceeds to discard it entirely and to define residence according to the provisions of the general venue statute. If such was the intention of Congress then the provision of 714b is unnecessary verbiage only. The rules of statutory construction foreclose such a result. To give the provision any effect, it must be construed as a departure from the general venue statute. Its point of departure, as far as pertinent here, is that the general venue statute defines residence as consisting of any one of three existing conditions while the provision under discussion gives residence no such broad definition. In fact, engaging in business in the district is an alternative basis of venue under 714b while such an activity is defined as constituting residence under Sec. 1391. Again it is plain that engaging in business is not considered as synonymous with residence in the special venue provision. It follows that in using the phrase "* * * or in the district wherein the plaintiff resides * * *." Congress departed from the general venue statute and the special provision controls. Sonken-Galamba Corp. v.

Atchison, T. & S. F. Ry. Co., D.C., 29 F. Supp. 796, at page 800.

The phrase, as used in the statute, must then be given its ordinary and accepted legal meaning when applied to plaintiff corporation since it is neither limited or broadened therein. The following quotation is applicable.'

> "That a corporation is a resident within the Federal statutes of jurisdiction and venue only at the place where it is located under its charter is too well settled and too sound in the law to be doubted now". Badger v. Reich Bros. Const. Co., 5 Cir., 161 F.2d 289, at page 290 and cases cited therein.

On the affirmance of the above case in the United States Supreme Court (333 U.S. 163, at page 167, 68 S.Ct. 900, 92 L.Ed. 1153), the court indicated that the residence of a corporation should similarly be construed where special venue statutes have been enacted by Congress. No cases are cited and no particular reason is advanced why residence, as used here, should be interpreted other than in accordance with long accepted judicial precedent. In our own circuit, the problem was discussed at some length in Gorman v. A. B. Leach & Co., D.C., 11 F.2d 454. In In re Riverdale Production, Inc., D.C., 107 F.Supp. 87 in a bankruptcy proceeding, Judge Goddard held that the residence of a corporation as fixed in a certificate of incorporation is conclusive. In Barnes v. Lynn, 2 Cir., 221 F.2d 955, the same holding was made. This decision did not involve the question of either jurisdiction or venue but is some indication how the residence of a corporation is determined. In the same type of case, it was held in Re Hillmark Associates, D.C., 47 F.Supp. 605, that it is a general rule that for the purpose of venue for the commencement of legal proceedings, residence of a domestic corporation is in the county designated in the certificate of incorporation. State court decisions are in accord. Jonas Equities, Inc., v. 614 E. 14th Street Realty Corp., 282 A.D. 773, 123 N.Y.S.2d 44.

All of the above leads to the conclusion that the motion to dismiss must be granted under the provisions of Fed. Rules Civ.Proc., Rule 12, 28 U.S.C.A. either for lack of jurisdiction or because of improper venue, or both, and it is

So ordered.