■ BERNARD J. MULLIGAN, as Administrator of the Estate of BRIAN J. MULLIGAN, Deceased, et al., Appellants, v. IRENE M. GRAHAM et al., Respondents. — Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

6    SILVIO SVAGNA, Respondent, v. VALENTINE FERRARO, Appellant.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.

■ BORO KITCHEN CABINETS, INC., Respondent-Appellant, v. CHARLES E. SPALT, Doing Business under the Name of SPALT DISTRIBUTING COMPANY, Defendant, and GEORGE SPALT, Appellant-Respondent.— In an action to recover an alleged balance due for goods sold and delivered and to recover upon a guarantee, defendant George Spalt appeals from so much of an order as denied his motion to change the place of trial of the action from Kings County to Albany County, and plaintiff appeals from so much of said order as denied its cross motion to change the place of trial to Queens County. Order modified by striking from the first ordering paragraph the word "denied" and by substituting therefor the word "granted". As so modified, order affirmed, with $10 costs and disbursements to the appellant-respondent. None of the parties resided in Kings County at the time of the commencement of the action. Although respondent-appellant actually maintains its place of business in that county, its residence for venue purposes is in Queens County, the county designated in its certificate of incorporation as the place in which its office is located (*Commercial State Bank & Trust Co. of N. Y.* v. *Ritz*, 4 A D 2d 674; *Jonas Equities* v. *614 E. 14th St. Realty Corp.*, 282 App. Div. 773; *Hearn* v. *Farrell Lines*, 278 App. Div. 829). *Yonkers Raceway* v. *National Union Fire Ins. Co., of Pittsburgh, Pa.* (9 Misc 2d 412, affd. 6 A D 2d 846, affd. 6 N Y 2d 756) is readily distinguishable. The corporation in question in that case was incorporated under section 37 of the Pari-Mutuel Revenue Law (L. 1940, ch. 254, as amd.), which requires that the certificate of incorporation state the location at which the corporation proposes to conduct its business, in addition to the requirement that the principal business office shall also be stated. The holding was that such a corporation has a residence, for venue purposes, in both the county wherein the certificate states the business is to be conducted and the county wherein the certificate states the principal office is to be located. That holding is not applicable to corporations such as respondent-appellant whose certificates of incorporation were not required to state locations other than that of their principal office. The appellant-respondent's demand to change the venue to Albany County, where he resides, was served with his amended answer. No such demand had been served with the original answer or at any other time. It does not clearly appear from the papers on appeal whether the amended answer, interposed as of right, was timely served (see Civ. Prac. Act, § 244), but it must be considered as having been thus served since it appears that the amended answer was accepted and not returned (*Muller* v. *City of Philadelphia*, 114 App. Div. 138). Under the circumstances, and it not appearing that the amended answer was served for the purpose of delaying prosecution of the action, the service of the demand was timely (*Penniman* v. *Fuller & Warren Co.*, 133 N. Y. 442; *Harmon* v. *Van Ness*, 56 App. Div. 160). In our opinion, no factual showing has been made that would warrant the court in directing that the venue be changed to Queens County under subdivision 3 of section 187 of the Civil Practice Act. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.