■ EASTERN FIREPROOFING COMPANY, INC., Plaintiff, v. CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF BLOOMING GROVE, CHESTER, MONROE, TUXEDO AND WOODBURY, et al., Defendants, WILLIAM GREEN, Trading under the Name of GREEN CONSTRUCTION COMPANY, Appellant, and CUPPLES PRODUCTS CORPORATION, Respondent.— In an action to foreclose a mechanic's lien on a public improvement, defendant Green, the general contractor, appeals from an order of the Supreme Court, Orange County, dated March 22, 1957, granting the motion of defendant Cupples Products Corporation, a subcontractor who had filed a lien, to strike out as insufficient and as sham the first affirmative defense in the general contractor's answer to said subcontractor's cross complaint against the general contractor. By its cross complaint the subcontractor sought to establish its lien and satisfy it out of money allegedly due the general contractor from the owner of the public improvement. The said first affirmative defense alleged that the subcontractor is a foreign corporation doing business in this State and that it had failed to obtain a certificate to do so. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ BELLA GERBER et al., Respondents, v. B. C. R. HOTEL CORP., Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the defendant appeals from an order of the Supreme Court, Queens County, entered March 30, 1959, denying its motion to change the place of trial of the action from Queens County to Sullivan County, on the ground that the convenience of material witnesses and the ends of justice will be promoted thereby (Civ. Prac. Act, § 187). Order reversed, with $10 costs and disbursements, and motion granted. The convenience of the anticipated witnesses who are parties to the action or who are in the employ of a party, is entitled to subordinate consideration only (Slavin v. Whispell, 5 A D 2d 296, 298; Wilson v. Winco Estates, 266 App. Div. 795). The only other anticipated witnesses are two physicians. One of them is named, and his address is given. He resides and has his office in Sullivan County, and he attended the injured plaintiff immediately after the accident, at the site thereof in Sullivan County. The other physician is said to have treated her thereafter in Queens County, where she resides. However, neither his name nor his address is disclosed. Even if the balance as between the two physicians were equal, the fact that the initial medical treatment was given in Sullivan County is entitled to consideration (Conner v. Jacobs, 5 A D 2d 1046). These factors alone are of some persuasion that the trial ought to take place in Sullivan County. However, doubt if any is dispelled by application of the principles that, if all things be equal, a transitory action should be tried in the county where it arose, and that, as between a rural county and an urban county, the former should be chosen, since an earlier trial can be had there (Slavin v. Whispell, supra; Bernstein v. McKane, 3 A D 2d 764; Hahn v. Unverdorben, 9 A D 2d 9; Efco Prods. v. Long Is. Baking, 6 A D 2d 832; Fisher v. Rothrum, 9 A D 2d 734). Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ., concur.