Frank A. Gulotta, J.
This is a motion to reargue a previous motion for a change of venue which sought a change from Kings County to Nassau County. It was then opposed on the ground that since plaintiffs were not residents of Nassau, under rule 4A of the Nassau County Supreme Court Rules they would not be entitled to a preference as the rule is presently being interpreted and applied, and thus would be denied a trial forever.
It should be noted that rule 4A does not literally require such an interpretation, since it not only permits a case to retain its position where plaintiff is a county resident, but also where the ease is properly prosecuted there by specific provision of law. See paragraph (1) of subdivision (a) which reads as follows: ‘ ‘ That one of the plaintiffs is a resident of the county of Nassau or that plaintiffs are non-residents of the State of New York and the venue of the action is properly laid in said county, or that the action is one which by specific provision of law is required or authorised to be prosecuted in said County ” (italics supplied) and section 182 of the Civil Practice Act which permits the venue to be laid in the county where either plaintiff or defendant resides. If rule 4A were a true preference rule, it might be said that it is unobjectionable for a local rule to limit the special privilege of an early trial to a special class of case. However, the effect of this rule is merely to keep the *511 case in its regular order, and as presently applied, any case without a so-called 4A preference will never he reached for trial, at least not in the foreseeable future, because new cases continue to move ahead of it and this will continue as long as the Supreme Court has even a single case untried. Thus the insistence that the local rule excludes from its benefits cases which have been otherwise properly commenced in the county, or transferred thereto, brings it into conflict with the Civil Practice Act since it is unreasonable to say ‘ ‘ we recognize you are right under the Civil Practice Act, but we will never give you a trial ”. Such an interpretation is to be avoided, especially where we have to go out of our way to bring about the conflict.
On the original motion there was an implication that plaintiffs resided in Queens County, since it was stated that the complaint was verified there, although the specific statement of residence was left blank. The court, therefore, transferred venue to Queens County as a method of obviating the dilemma.
It is now stated for the first time, that the MV-104 form filed by plaintiffs shows them to be residents of Suffolk County, and although this in nowise diminishes the original problem, plaintiffs’ opposition to the motion has now been withdrawn.
Accordingly on reargument, the previous determination is rescinded and defendants ’ motion to change the venue to Nassau County is granted.
This is done not on the merits, but solely by reason of the absence of opposition, since the court does not regard Jonas Equities, Inc. v. 614 E. 14th St. Realty Corp. (282 App. Div. 773) which was not a negligence case, nor Hearn v. Farrell Lines (278 App. Div. 829,) which was a negligence case, but wherein venue was transferred to the county of plaintiff’s residence, as being decisive on this issue of transferring a case to a county where it may never be reached for trial. "While these holdings may well be correct even as applied to the instant case, if they are, it must follow that rule 4A must give way. In other words, such a case is either entitled to a preference because it conforms to the rule, or the rule in this respect is void and it need not conform to it.