■ BENJAMIN GOLDMAN, as Administrator of the Estate of JENNIE GOLDMAN, Deceased, Respondent, v. LEON WEISMAN, Individually and Doing Business as WEISMAN'S REST HOTEL, Defendant and Third-Party Plaintiff-

Appellant. JACOB G. HALL, Third-Party Defendant-Respondent.— Order, entered on or about August 12, 1964, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant as against plaintiff-respondent, and motion for change of venue from Bronx County to Rockland County granted, with $10 costs. This transitory action, grounded in negligence, arises from an alleged accident occurring in Rockland County. Other factors being equal, it should be tried there. (*Dickman* v. *Stummer*, 20 A D 2d 611; *Condon* v. *Schwenk*, 10 A D 2d 822; *Slavin* v. *Whispell*, 5 A D 2d 296.) The defendant's affidavits in support of the motion do show that there are residing in said county certain witnesses whose convenience will be served by the change. On the other hand, the opposing papers, though naming two alleged witnesses residing in Bronx County, are not helpful because they do not state what these witnesses will testify to or show that their testimony will be material. (See *Bernstein* v. *McKane*, 3 A D 2d 764; *Simpson* v. *Parkville Amusement Corp.*, 247 App. Div. 845; *Jacina* v. *Lemmi*, 155 App. Div. 397.) Concur — Breitel, J. P., Rabin, Valente, Eager and Bastow, JJ.