■ IRWIN M. STROSBERG, Respondent, v. KIAMESHA CONCORD, INC., Sued Herein as CONCORD HOTEL, Appellant.— MEMORANDUM BY THE COURT. This is an appeal by defendant from an order of the Supreme Court at Special Term which granted plaintiff's motion for reargument and, upon reargument, vacated its prior order changing the venue of the action from Albany County to Sullivan County and restored the place of trial of the action to Albany County upon the grounds that the convenience of material witnesses and the ends of justice will be promoted thereby (CPLR 510, subd. 3). Plaintiff, a practicing dentist resides in Albany County. Defendant is a domestic corporation having its principal office and place of business in Sullivan County where it is engaged in the operation of a resort hotel. The gravamen of the cause of action is that plaintiff, a paying guest at defendant's hotel, was injured on June 12, 1964 when a so-called grab bar which he was using to steady himself in a shower became detached from an adjacent wall causing him to fall to the floor of the tub and to sustain the injuries of which he complains. The convenience of Doctor Falcone, a fellow dentist, who was also a patron of the hotel at the time of plaintiff's injury and is said to have examined the appliance after the accident and found it to have been improperly maintained and that of his treating physicians, both of whom reside in the County of Albany, is primarily urged as the basis for retaining the venue of the action in Albany County. The affidavit in opposition to defendant's motion did not advise the court factually, as required, just what the testimony of the professional witnesses will be. (*Condon* v. *Schwenk*, 10 A D 2d 822.) Moreover, the affidavit regards as obvious that such professional persons will be inconvenienced unless the venue of the action remains in Albany County. There is nothing from the prospective witnesses themselves to indicate that the presentation of their testimony in Sullivan County would place an inordinate burden upon them. The convenience of Doctor Falcone who resides in Rensselaer County is disregarded. (*Slavin* v. *Whispell*, 5 A D 2d 296.) In any event the convenience of the witnesses of the respective parties whose convenience may be properly considered is fairly evenly balanced. In these circumstances the transistory action should be tried in the county where the cause arose. (*Bernstein* v. *McKane*, 3 A D 2d 764; *Feiden* v. *State of New York*, 5 A D 2d 926; *Slavin* v. *Whispell, supra.*) Order reversed, on the law and the facts and in the exercise of discretion, and motion to change the place of trial to Sullivan County granted, without costs. Gibson, P. J., Herlihy, Taylor, Aulisi and Staley, Jr., JJ., concur.