■ JAMES MCKINNEY & SON, INC., Appellant, v LAKE PLACID 1980 OLYMPIC GAMES, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Soden, J.), entered November 18, 1980 in Albany County, which granted a motion by defendant Lake Placid 1980 Olympic Games, Inc., to change the place of trial of this action from Albany County to Essex County. Plaintiff, an Albany-based corporation, contracted with defendant Lake Placid 1980 Olympic Games, Inc. (LPOOC), a not-for-profit corporation organized for the purpose of preparing for and staging the 1980 Winter Olympic Games, to fabricate and erect certain steel structures for the Olympic Field House at Lake Placid. When LPOOC thereafter terminated the agreement, plaintiff, charging breach of contract, fraudulent misrepresentation and negligence, brought suit in Albany County. LPOOC's motion, made pursuant to CPLR 510 (subd 3), to change the venue of this action for the convenience of material witnesses and to promote the ends of justice was granted and this appeal followed. We affirm. Relying on the principle that a party's employees' convenience need not be considered or, at best, assigned only subordinate consideration (Gerber v B.C.R. Hotel Corp., 10 AD2d 956; Slavin v Whispell, 5 AD2d 296), plaintiff suggests that the convenience of defendant's witnesses who served as directors, officers or members of defendant's executive committee should be disregarded. However, the rationale underlying this rule, namely that an employee witness will not be inconvenienced financially or in his employment when called upon to testify on his employer's behalf (see 2 Weinstein-Korn-Miller, NY Civ Prac, par 510.20), is inapplicable here, for LPOOC is a nonprofit organization and these witnesses are volunteers. Moreover, several of defendant's witnesses are public servants and requiring them to travel to Albany County may unnecessarily interfere with their duties (McComb v Hilton Hgts. Apts., 43 AD2d 972). It is also not without significance that Essex County is where this transitory cause of action arose (Morris v Treadway Inn & Resorts, 43 AD2d 621), is the site of the real property involved and where much of the contract's performance was to occur (Greentree Pub. Co. v Oneida Dispatch Corp., 59 AD2d 711) and that the condition of this rural county's Trial Calendar is such that a speedier trial is more likely to be had (Commercial State Bank & Trust Co. of N.Y. v Ritz, 4 AD2d 674). Parenthetically, we note that plaintiff has failed to sufficiently detail the names, addresses and substance of the testimony of its witnesses, making an informed determination as to their convenience and the materiality of their testimony unfeasible (see Goldman v Weisman, 23 AD2d 634, 635). Order affirmed, with one bill of costs to respondents filing briefs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.