■ CHRISTOPHER BAILEY et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., Respondent. — Order, Supreme Court, New York County (Blyn, J.), entered on February 8, 1982, which granted the defendant's motion to change the venue of this action from New York County to Queens County, is unanimously reversed, on the law and the facts, with costs, and the motion to change venue is denied, without prejudice to a motion based on proper grounds. It is alleged that on May 11, 1981, the plaintiff-appellant, Christopher Bailey, a resident of Kings County, suffered serious injuries at Belmont Racetrack, a facility located in Queens County, which is owned, operated and maintained by defendant, New York Racing Association (Association). The instant action was commenced almost two months thereafter in New York County. Venue was based on defendant's place of business. The Association sought to change the place of this action on the grounds that the selected county was not the proper county. The defendant asserts that the office maintained in New York County was merely a small sales office and that its principal place of business was located in Queens County, the county to which transferral was sought. The plaintiffs opposed this motion, arguing that defendant's certificate of incorporation, filed on June 22, 1955, provided that the Association's principal place of business was in New York County and that it will conduct races in Nassau, Queens and Saratoga Counties. Special Term granted the request to change venue and we now reverse. As a general proposition, the county designated in a certificate of incorporation as the principal place of business of a particular corporation will be controlling as to the residence of that entity (CPLR 503, subd [c]). No facts have been presented on this appeal to warrant deviation from that standard. *Yonkers Raceway v National Union Fire Ins. Co. of Pittsburgh* (9 Misc 2d 412, affd 6 AD2d 846, affd 6 NY2d 756), the case relied on by defendant to support its position, is of no assistance. In *Yonkers (supra)*, the plaintiff's certificate of incorporation also stated that its principal place of business would be in New York County and that racing meets would be conducted in Westchester County. Venue for this action was laid in Westchester County and defendant sought to change venue to New York County. The court there found that plaintiff had a residence in New York County, but that Westchester County was not an improper county. On the facts before us, it can likewise be said that New York County is not an improper county, for that county is listed as defendant's principal place of business. Defendant is, therefore, not entitled to have the venue of this action changed as a matter of

right. However, this is not to imply that Queens County is an improper county. Circumstances might be such to warrant a change of venue as a matter of discretion. We have neither reached, nor passed, upon this question. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Lynch, JJ.