■ Lila Frankel, Respondent, v Bernard Frankel et al., Appellants, et al., Defendant.—Mikoll, J. Appeal from an order of the Supreme Court (Bradley, J.), entered November 22, 1988 in Sullivan County, which, inter alia, denied the motion of defendants Bernard Frankel and Lillian Frankel for a change of venue.

This action was brought by plaintiff to recover money

damages from defendants resulting from defendants' alleged willful, contumacious conduct in obstructing, impairing and impeding plaintiff's pending Supreme Court action to recover past and current support payments from defendant Leonard Frankel, the son of defendants Bernard and Lillian Frankel. The action also alleges that defendants unlawfully conspired together to hinder, delay and defraud plaintiff from collecting support payments, to prevent plaintiff from recovering judgments she had obtained against Leonard Frankel and to conceal and dispose of property and assets of said defendant. Plaintiff and Leonard Frankel were still married at the time the support action was commenced in August 1975 in Supreme Court, Sullivan County. Plaintiff and Leonard Frankel were divorced in 1978.

Plaintiff designated Sullivan County as the place of trial. Bernard and Lillian Frankel served a demand for change of venue to Westchester County, pursuant to CPLR 511 (b), and thereafter moved to so change the venue upon the ground that neither plaintiff nor defendants resided in Sullivan County at the time of the commencement of this action. Plaintiff cross-moved to retain venue in Sullivan County, asserting that this is a transitory action which arose in Sullivan County, involving a total of eight contempt orders entered in Sullivan County in the support action against Leonard Frankel, and that Bernard and Lillian Frankel have been found in contempt of an order of the court in the prior action and allegedly are presently in contempt of that order. Supreme Court denied the motion to change venue and granted plaintiff's cross motion to retain venue in Sullivan County. Bernard and Lillian Frankel now appeal from that order.

This is a transitory action arising in Sullivan County. "Unless there are cogent reasons to direct otherwise ordinarily the venue of a transitory action should be the county where the cause of action arose" (*Chung v Kivell*, 57 AD2d 790; *see also, Messinger v Festa*, 94 AD2d 792; *McKinney & Son v Lake Placid 1980 Olympic Games*, 84 AD2d 635; *Strosberg v Kiamesha Concord*, 26 AD2d 723). Consideration of the relevant factors clearly support Supreme Court's decision to retain venue in Sullivan County.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.