■ In the Matter of NATHAN GROSSMAN et al., Respondents, v VIOLET KATZ et al., Respondents, and ASSOCIATION OF JEWISH COURT ATTACHES, INC., et al., Appellants. [600 NYS2d 130] — In a proceeding pursuant to the Not-for-Profit Corporation Law to compel the officers of the Association of Jewish Court Attaches, Inc., to hold a special membership meeting for the purposes of nominating and electing a new slate of officers and directors of that organization, the Association of Jewish Court Attaches, Inc., and its copresident Jack Pfeffer appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated February 22, 1991, as (1) denied Jack Pfeffer's separate motions which were for summary judgment dismissing the proceeding on the grounds that the court lacked subject matter jurisdiction, and that the proceeding was academic, and (2) directed that a

membership meeting of the Association of Jewish Court Attaches, Inc., be held on March 7, 1991.

Ordered that the order is modified, on the law, by (1) deleting from the second decretal paragraph thereof the provision which denied the motion to dismiss the proceeding as academic, and by substituting therefor a provision granting that motion and dismissing the proceeding as academic, and (2) deleting the third and fourth paragraphs thereof; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The instant proceeding, which was commenced in 1989, sought to compel the appellant Jack Pfeffer, the alleged copresident of the Association of Jewish Court Attaches, Inc. (hereinafter the Association), as well as other officers of the Association, to conduct a special meeting of the Association for the purposes of nominating and electing a new slate of officers and directors.

During the course of the litigation, Pfeffer moved to dismiss the proceeding on the ground that the relief sought was "now moot". Specifically Pfeffer submitted evidentiary proof in admissible form (see, Zuckerman v City of New York, 49 NY2d 557, 562, quoting Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068), including affidavits from himself, as newly-elected President, the newly-elected Vice President, and the newly-elected Recording Secretary of the Association, which indicated that a meeting of the Association was held on July 6, 1990, at which time a new slate of officers and directors was elected. It appears that no papers were served in opposition to this motion, and the order appealed from dated February 22, 1991, indicates that no opposition papers were considered by the Supreme Court in opposition to this motion. Thus, we find that the Supreme Court erred in holding that Pfeffer "failed to establish * * * that a meeting has already been held", and, accordingly, dismiss the proceeding as academic.

We have examined the remaining issue raised by Pfeffer, i.e., that the Supreme Court, Kings County, lacked subject matter jurisdiction, and find it to be without merit (see, CPLR 503 [c]; Not-for-Profit Corporation Law §§ 618, 102 [a] [11]; Bailey v New York Racing Assn., 90 AD2d 710; Papadakis v Command Bus Co., 91 AD2d 657). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.