■ In the Matter of BABY BOY O., an Infant. FAMILY TREE ADOPTION AGENCY, INC., Respondent; JESSICA O., Respondent.

COMMISSIONER OF SOCIAL SERVICES OF SARATOGA COUNTY, Appellant. [748 NYS2d 811] —Spain, J. Appeals (1) from an order of the Family Court of Saratoga County (Hall, J.), entered October 23, 2001, which, in a proceeding pursuant to Social Services Law § 385, directed the Commissioner of Social Services of Saratoga County to pay guardian ad litem fees, and (2) from an order of said court, entered January 30, 2002, which, inter alia, denied the Commissioner's motion to be relieved of his obligation to pay guardian ad litem fees.

The underlying facts of this adoption matter are set forth in a prior decision of this Court (289 AD2d 631, *lv dismissed* 97 NY2d 725). Briefly, it involves a young mother who claimed coercion and duress in her execution of a surrender document submitted by petitioner to Family Court for approval. In its petition to approve the surrender instrument, petitioner requested that Family Court appoint both an attorney and a guardian ad litem for the mother (*id.* at 632). Thereafter, the mother noted her opposition to the surrender and, following a hearing at which both her attorney and her guardian ad litem appeared and participated, Family Court dismissed the petition finding that the mother had been coerced, and ordered that the child be returned to the mother (*id.* at 633). On appeal, this Court reversed, concluding that the surrender was validly and knowingly executed, and remitted the matter to Family Court for further proceedings (*id.*).

After the conclusion of the Family Court proceedings, the guardian ad litem submitted an affirmation to the court requesting payment for services rendered and expenses incurred. Family Court ordered the Commissioner of Social Services of Saratoga County (hereinafter Commissioner), a nonparty to the proceeding, to pay the guardian ad litem's compensation, including expenses. The Commissioner concurrently filed a notice of appeal to this Court and moved in Family Court, by order to show cause, to be relieved of his obligation to pay the guardian ad litem. Following a hearing, Family Court adhered to its original decision and denied the Commissioner's motion based on its construction of Family Ct Act § 255. The Commissioner appeals this order as well, and both appeals were consolidated by this Court. We reverse.

As an initial matter, Family Court directed the Commissioner to pay the compensation of the guardian ad litem under the broad authority granted by Family Ct Act § 255, an interpretation which must be rejected. As stated by this Court: "Family Court Act § 255 * * * endows Family Court with sweeping powers. Pursuant to this statute, Family Court 'may

order[ ] any * * * county * * * officer and employee to render such assistance and cooperation as shall be within his [or her] legal authority, as may be required, to further the objects of this act'" (*Matter of Nicole JJ.*, 265 AD2d 29, 32, *lv denied* 95 NY2d 757, quoting Family Ct Act § 255). However, Family Ct Act § 255 does not expand Family Court's legal authority (*see Matter of Lorie C.*, 49 NY2d 161, 167; *Matter of D. Children*, 90 AD2d 348, 352-353, *affd* 60 NY2d 838; *People ex rel. Thorpe v Clark*, 62 AD2d 216, 227), and the Family Ct Act sets forth no procedures for appointing and compensating a guardian ad litem (*see* Family Ct Act § 165 [a]). Filling this gap is Family Ct Act § 165 (a), which states, in pertinent part: "where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved." Notably, such appointments and compensation are regulated by procedures established in CPLR 1202 and 1204 (*see Matter of Wood v Cordello*, 91 AD2d 1178, 1179). CPLR 1202 (a) (3) provides, as relevant, that "[t]he court * * * may appoint a guardian ad litem at any stage in the action upon its own initiative or upon the motion of * * * any other party to the action * * *." The manner of compensation for a guardian ad litem appointed under CPLR 1202 is dictated by CPLR 1204, which provides, in relevant part: "[a] court may allow a guardian ad litem a reasonable compensation for his [or her] services *to be paid in whole or part by any other party* or from any recovery had on behalf of the person whom such guardian represents or from such person's other property" (emphasis added).

Here, there was no recovery to the mother out of which the guardian ad litem could be paid. As such, Family Court's authority to award the guardian ad litem's compensation was expressly restricted by CPLR 1204 to requiring payment only by a "party" to the Family Court matter in which the guardian ad litem was appointed (*see* CPLR 1202 [a] [3]; 1204), and the record indicates that the Commissioner was never a party to the adoption proceeding. Accordingly, Family Court erred in directing the Commissioner to pay the guardian ad litem. This matter should be remitted to Family Court for a determination as to whether, in its discretion, the guardian ad litem will be paid for her services and expenses "in whole or part" and, if so, the amount of her compensation and which party or parties will be responsible for payment of that compensation (*see* CPLR 1204).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Saratoga County for further proceedings not inconsistent with this Court's decision.