Saltiel v FM Home Loans, LLC (2022 NY Slip Op 03759)

Saltiel v FM Home Loans, LLC

2022 NY Slip Op 03759

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-07028
 (Index No. 1692/17)

[*1]Jeffrey Saltiel, etc., respondent,
v
FM Home Loans, LLC, etc., appellant.

Law Office of Jeffrey Fleischmann, P.C., New York, NY, for appellant.

DECISION & ORDER
In an action to recover damages for breach of the implied covenant of good faith and fair dealing and violations of General Business Law § 349, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 4, 2018. The order denied, as academic, the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the amended complaint and, sua sponte, awarded the plaintiff attorneys' fees and costs pursuant to CPLR 1204 and 1205.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, awarded the plaintiff attorneys' fees and costs pursuant to CPLR 1204 and 1205 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the amended complaint, alleging breach of the implied covenant of good faith and fair dealing, is granted, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action in the amended complaint, alleging violations of General Business Law § 349, is denied on the merits.
In February 2014, in a proceeding entitled Matter of Ellis, commenced in the Supreme Court, Kings County, under Index No. 100090/13 (hereinafter the guardianship proceeding), the court appointed the plaintiff as special guardian for the property of Etheline Ellis, an alleged incapacitated person. The plaintiff was granted the authority to obtain a reverse mortgage on Ellis's real property located in Brooklyn. In July 2014, the plaintiff applied for a reverse mortgage from the defendant. In May 2016, the plaintiff moved in the guardianship proceeding, inter alia, to compel the defendant to issue the reverse mortgage. The plaintiff alleged that the application process for the reverse mortgage had been fraught with delays as the defendant imposed changing conditions and requirements in a piecemeal fashion and allowed documents to expire. In opposition, the defendant argued, among other things, that the motion should be denied because it was not a party to the guardianship proceeding. In an undated order, the court granted the plaintiff's motion to the extent of expanding the scope of the plaintiff's authority as special guardian to permit him to commence an action against the defendant.
On July 7, 2017, the plaintiff filed a complaint seeking (1) a judgment declaring that [*2]the defendant breached the implied covenant of good faith and fair dealing, (2) to compel the defendant to issue the reverse mortgage, and (3) damages, as well as attorneys' fees, based on the defendant's alleged breach of the implied covenant of good faith and fair dealing. On July 10, 2017, the defendant issued the requested reverse mortgage. Subsequently, the plaintiff filed an amended complaint which alleged two causes of action: (1) to recover damages based on the defendant's alleged violation of the implied covenant of good faith and fair dealing, and (2) to recover damages based on the defendant's alleged violations of General Business Law § 349.
Thereafter, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint for failure to state a cause of action. In the order appealed from, the Supreme Court denied the defendant's motion as academic, since the reverse mortgage had been issued, and, sua sponte, awarded the plaintiff attorneys' fees and costs pursuant to CPLR 1204 and 1205. The defendant appeals.
The Supreme Court should not have denied the defendant's motion to dismiss the complaint as academic, since the amended complaint no longer alleged a cause of action to compel the defendant to issue the reverse mortgage (see Matter of Grossman v Katz, 195 AD2d 462, 463). Rather, the amended complaint alleged causes of action to recover damages for breach of the implied covenant of good faith and fair dealing and violations of General Business Law § 349. Thus, the causes of action were not rendered academic by the issuance of the reverse mortgage (see Colonie Hill v Duffy, 86 AD2d 645, 646).
However, that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the first cause of action in the amended complaint, alleging breach of the implied covenant of good faith and fair dealing, should have been granted, as the first cause of action failed to state a cause of action (see Farro v Schochet, 190 AD3d 689, 693; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770; Gutierrez v Government Empls. Ins. Co., 136 AD3d 975, 976).
That branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action in the amended complaint, alleging violations of General Business Law § 349, should have been denied on the merits. The complaint sufficiently alleged that the defendant engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) the plaintiff suffered injury as a result of the allegedly deceptive act or practice (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20; HSBC Bank USA, N.A. v Lien Thi Ngo, 197 AD3d 1102, 1104; Pirrelli v OCWEN Loan Servicing, LLC, 129 AD3d 689, 694).
Finally, the Supreme Court improvidently exercised its discretion in, sua sponte, awarding the plaintiff attorneys' fees and costs pursuant to CPLR 1204 and 1205 (see Matter of HSBC Bank USA, N.A. [Knox], 98 AD3d 300, 323; Matter of Baby Boy O., 298 AD2d 677, 679).
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court