■ LAKE BEECHWOOD COUNTRY CLUB, INC., et al., Respondents, v. PEEKSKILL MANOR, INC., et al., Appellants.— In an action for a judgment declaring the rights of the parties with respect to certain real property, pursuant to two agreements pleaded in the complaint, and for an injunction and other relief, the appeal is from an order denying appellants' motion for a stay pursuant to section 1451 of the Civil Practice Act. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Although it is somewhat difficult to determine the theory on which the respondents seek to enforce the agreement of 1946, or on which the individual respondents seek to enforce the agreement of 1952, the complaint, which pleads but one cause of action, appears to be an attempt by all respondents to enjoin alleged violations by appellants of the provisions of such agreements. While there are references to clauses or covenants contained in deeds from appellant Peekskill Manor, Inc., granting certain rights to the grantees named in the deeds, it is not alleged that such clauses or covenants were contained in the deeds to the individual respondents, and we do not read the complaint as alleging any cause of action in favor of the individual respondents, based on covenants in their deeds, which is attempted to be asserted independently of the claims made by virtue of the agreements. Each of the agreements pleaded in the complaint contains a clause providing for arbitration of disputes thereunder, which clauses are sufficiently broad to cover the disputes between the parties as disclosed by the record presented. Such disputes, although they involve claims to interests in real property, do not arise respecting a claim to an estate in such property in fee or for life. Consequently, they are arbitrable. (Civ. Prac. Act, § 1448; *Olcott* v. *Wood,* 14 N. Y. 32.) The corporate respondent, which sues as assignee of the agreement of 1952, and which alleges that it has " taken over " the rights of a corporation which was a party to the agreement of 1946, may not resist the application for a stay of the action pending arbitration on the ground that it is not a party to the agreements which it seeks to enforce. (*Matter of Hosiery Mfrs. Corp.* v. *Goldston,* 238 N. Y. 22.) Whatever rights the corporate respondent acquired by the agreements pleaded in the complaint are subject to those of appellant Peekskill Manor, Inc. Neither may the individual respondents complain if they are denied the right to enforce the agreements, except in accordance with their terms. Although appellants Marilyn Development Corp. and Seltzer are not parties to the arbitration agreements, the action against them should likewise be stayed, pending arbitration. (*Flash* v. *Goldman,* 278 App. Div. 829; *Bartley Bros. Constr. Corp.* v. *National Sur. Corp.,* 280 App. Div. 798.) The individual respondents may, if so advised, commence and prosecute any action which may be proper, based on the alleged violation of any covenant contained in their respective deeds, or on any alleged violation of their rights as established by such deeds, if such cause of action may be pleaded independently of the assertion of any rights under the agreements pleaded in their present complaint. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.