429 So.2d 1212 (1983)
POST TENSIONED ENGINEERING CORP. and Commercial Construction Corp., Petitioners,
v.
FAIRWAYS PLAZA ASSOCIATES, Respondent.
Nos. 81-2473, 81-2604.
District Court of Appeal of Florida, Third District.
March 1, 1983.
As Amended April 12, 1983.
*1213 Sibley, Giblin, Levenson and Glaser and Irving B. Levenson, Miami Beach, Kent, Watts, Durden, Kent & Mickler and William G. Cooper, Jacksonville, Mahoney, Hadlow & Valdes-Fauli and William L. Richey, Miami, for petitioners.
Fine, Jacobson, Block, Klein, Colan & Simon and Joseph H. Serota, Miami, Stephen M. Bull, Orlando, W.M. O'Bryan, Fort Lauderdale, Martin Greenbaum, Arnold Nevins, Miami Beach, for respondent.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
Fairways Plaza Associates, the owner of a multiple office building project, sued its design engineer (C.A.L. Engineering Corp.), its general contractor (Commercial Construction Corp.), and certain subcontractors of Commercial. Fairways alleged that it had discovered severe and widespread structural defects in the construction of the buildings which, Fairways contended, were caused by the negligence of the defendants.
Of the multiple contracts involved, only Fairways' contract with Commercial contained an arbitration clause. When this case was first before us, we rejected Fairways' various arguments in opposition to arbitration and held that the arbitration clause was valid and enforceable and that Commercial had not waived its right to demand arbitration. See Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA), rev. denied, 419 So.2d 1197 (Fla. 1982). Upon remand of the case to the Circuit Court, Fairways, over the objection of Commercial Construction Corp., persuaded the trial court that litigation between Fairways and the other defendants, with which Fairways was not bound to arbitrate, should go forward.[1] *1214 Commercial, contending that all trial court proceedings should be stayed pending arbitration of the dispute between it and Fairways, seeks review of that order.[2]
Commercial maintains that a stay is required by Section 682.03(3), Florida Statutes (1981). That section provides:
"Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay." (emphasis added).
The "issue subject to arbitration" between Fairways and Commercial is whether the building defects, assuming they exist, are the result of shoddy workmanship on the part of Commercial or its subcontractors, that is, a failure to adhere to the design engineer's plans and specifications. Because Commercial, under the doctrine of respondeat superior, is responsible for the negligence of its subcontractors, a determination in arbitration that Commercial was not negligent would necessarily be a determination that Commercial's subcontractors were not negligent. Under such a determination any need for litigation between Fairways and Commercial's subcontractors would be obviated. Therefore, we think it clear that Fairways' action against Commercial's subcontractors does involve "an issue subject to arbitration" and must be stayed. Even as "a party to a contract calling for arbitration may [not] avoid that undertaking by the simple device of joining as defendants in its lawsuit others with which the party has no such agreement," Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d at 875, a party to a contract calling for arbitration may not, by that same device, defeat the right of the other party to the contract to obtain a stay of all proceedings involving the arbitrable issue. See Lake Beechwood Country Club, Inc. v. Peekskill Manor, Inc., 2 A.D.2d 865, 156 N.Y.S.2d 176 (1956); Dot's Boulevard Corporation v. Rosenfeld, 285 A.D. 425, 137 N.Y.S.2d 470 (1955); Flash v. Goldman, 278 A.D. 829, 104 N.Y.S.2d 297 (1951); Cold Wave Cooling Corp. v. Famous Jerome, Inc., 141 N.Y.S.2d 898 (N.Y. Sup. Ct. 1955).
Fairways argues that Schulman Investment Co. v. Olin Corp., 458 F. Supp. 186 (S.D.N.Y. 1978), decided under the Federal Arbitration Code's counterpart to Section 682.03(3),[3] requires that any stay of trial proceedings be limited to the arbitrating parties. In Schulman, the defendant contractor (Olin) brought a third-party complaint against three of its subcontractors, including H & H. The contract between Olin and H & H included an arbitration clause, and H & H moved for an order staying the action pending arbitration. The court granted the stay, but only as to Olin's third-party complaint against H & H.
Schulman is not only distinguishable from the present case, but indeed lends support to Commercial's position. The issue to be decided in arbitration in Schulman was H & H's liability to Olin, an issue that would not be reached until Olin was first found, in litigation, to be liable to Schulman. In the court's words:

*1215 "Olin's concerns about arbitration will disappear, of course, if Schulman's claims against it fail at the trial. In such a case, there would be no liability among Olin and its subcontractors to be resolved and, accordingly, no need for arbitration. If Schulman succeeds in its claims against Olin, only the question of H & H's liability to Olin will remain undecided after the trial; that question will not have been before the trier of fact." 458 F. Supp. at 187 n. 4.
Unlike Schulman, in which the need for arbitration turned on the outcome of the litigation, in the case before us the need for litigation against Commercial's subcontractors depends on the outcome of the arbitration between Fairways and Commercial. Thus, Schulman stands for the unremarkable proposition that if the issue subject to arbitration is severable from the issue to be litigated, the stay need only encompass the severable issue. But, as should be apparent by now, central to the arbitration between Fairways and Commercial is an issue which is not severable from the issue in the litigation against Commercial's subcontractors.
Such is not the case, however, in respect to Fairways' action against C.A.L. Engineering Corp., the design engineer. The issue between them is whether the plans and specifications for the building project were properly designed. No matter how the issue in arbitration between Fairways and Commercial is resolved, its resolution has no effect upon the issue between Fairways and the design engineer. Thus, the arbitrable issue, although not severable from the issue in the action against Commercial's subcontractors, is severable from the issue in the action against the design engineer. Since Section 682.03(3) expressly provides that "if the issue is severable, the stay may be with respect thereto only," no stay was required of the litigation between Fairways and the design engineer.
Accordingly, Commercial's petition seeking review of the trial court's order lifting the stay as to all defendants is denied in part and granted in part. The petition is denied in respect to the defendant C.A.L. Engineering, the design engineer. The petition is granted in respect to all defendants who are subcontractors of Commercial, and the order lifting the stay as to these defendants is vacated with directions to reinstate the stay as to them.
NOTES
[1] Procedurally, the trial court lifted a stay of proceedings against all non-arbitrating defendants which anomalously had been in effect while the case wended its way through the appellate courts.
[2] Review was sought by a "Motion to Compel Compliance With Appellate Writ and Mandate." While we do not find that the trial court departed from our earlier opinion, we do find that its order departed from the essential requirements of the law. Thus, we treat Commercial's motion to compel as a petition for writ of certiorari.
[3] Title 9, United States Code, Section 3 provides in pertinent part:

"[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, ..."