497 So.2d 1340 (1986)
425 FLORIDA, INC., Brian Sparks and Lawyer's Surety Corporation, Petitioners,
v.
GEORGE V. BEHAN CONSTRUCTION, INC., George V. Behan and Richard L. Hungate, Respondents.
No. 86-1676.
District Court of Appeal of Florida, Fifth District.
November 26, 1986.
C. Scott Hester of Reinman, Harrell, Silberhorn, Moule & Graham, P.A., Melbourne, for petitioners.
Douglas D. Marks of Potter, McClelland, Griffith, Jones & Marks, P.A., Melbourne, for respondents.
SHARP, Judge.
We grant certiorari to review the lower court's order denying petitioners' motion to stay the trial of a lawsuit pending arbitration of a dispute between petitioners and a third party defendant. Petitioner is the owner of a condominium project, and a defendant in the lawsuit below. Respondent is the general contractor. It is seeking to foreclose a mechanic's lien and recover damages for breach of contract. The petitioner filed a counterclaim against respondent for breach of contract and fraud and it also filed a third party complaint against the architect of the project for *1341 breach of contract and fraud. The fraud counts allege collusion between the general contractor and the architect.
The trial judge ruled the issues between the architect and owner were subject to arbitration under the contract provisions binding those parties. Its order has been appealed to this court[1] and petitioner has sought to consolidate that case in this court with this certiorari proceeding. This proceeding involves the order of the trial court which denied a stay of the lawsuit while arbitration was being determined and handled.
Section 682.03(3), Florida Statutes (1985) requires a court to stay a lawsuit which involves the same issue as ones sought to be arbitrated.[2] It provides:
Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay.
The statute does not require the parties be identical in both proceedings so long as the same issues are determinable. Sabates v. International Medical Centers, Inc., 450 So.2d 514 (Fla. 3rd DCA 1984); Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 429 So.2d 1212 (Fla. 3rd DCA 1983).
In this case the fraud issues in both cases are identical and not separable, since the petitioner alleges the architect and general contractor colluded together in perpetrating the fraud. Therefore the stay order should have been granted as to the fraud count in the lawsuit between the petitioner and general contractor, pending the resolution of the fraud issue by the arbitrator or the determination of this court that the matter should not be arbitrated.
However, the other matters and counts in the lawsuit do not involve any of the other issues which may be arbitrated since they are separate and severable, and involve different parties and different contracts. We approve the trial court's ruling not to stay the trial of those counts.[3]
Since this certiorari proceeding is completely disposed of by this opinion, we see no utility or justification for consolidating it with the non-final appeal. In addition, it involves different issues, and different parties. We therefore deny petitioner's motion for consolidation.
PETITION FOR CERTIORARI GRANTED; TRIAL COURT DIRECTED TO ISSUE STAY ORDER CONSISTENT HEREWITH.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] 425 Florida, Inc., et al. v. George V. Behan Construction, Inc., et al., Case No. 86-1536.
[2] Sabates v. International Medical Centers, Inc., 450 So.2d 514 (Fla. 3rd DCA 1984).
[3] Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 429 So.2d 1212 (Fla. 3rd DCA 1983).