712 So.2d 814 (1998)
OKEELANTA CORPORATION, Petitioner,
v.
UNITED STATES SUGAR CORPORATION, Hopedelage Farm, Beardsley Farms, Inc., and Glades County Sugar Growers Cooperative Association, Respondents.
OKEELANTA CORPORATION, Petitioner,
v.
UNITED STATES SUGAR CORPORATION, Lykes Bros. Inc., The Fairbanks Company Of Orlando, Yaun Farms, Inc., and Glades County Sugar Growers Cooperative Association, Respondents.
Nos. 98-00206, 98-00207.
District Court of Appeal of Florida, Second District.
July 1, 1998.
Gerry S. Gibson and Vikki L. Wulf of Steel Hector & Davis LLP, West Palm Beach, for Petitioners.
Timothy J. Norris of Thomson Muraro Razook & Hart, P.A., Miami, for Respondent United States Sugar Corporation.
Theodore L. Tripp, Jr., of Garvin & Tripp, P.A., Fort Myers, for Respondents Hopedelage Farm; Beardsley Farms, Inc.; Glades County Sugar Growers Cooperative Association; Lykes Bros. Inc.; The Fairbanks Company of Orlando; and Yaun Farms, Inc.
PER CURIAM.
Two petitions for writs of certiorari have been filed in the above-styled proceedings which are identical except for the names of some of the respondents. Because both petitions address the same trial court order, we *815 have consolidated the petitions for the purpose of this opinion.
Petitioner, Okeelanta Corporation ("Okeelanta"), and Respondent U.S. Sugar Corporation ("USSC") are processors of sugar cane that they acquire from growers. Respondents Hopedelage Farm; Beardsley Farms, Inc.; Glades County Sugar Growers Cooperative Association; Lykes Bros., Inc.; The Fairbanks Company of Orlando; and Yaun Farms, Inc. (collectively "the Growers"), are entities that grow sugar cane. The trial court ordered Okeelanta and the Growers to arbitrate the issue of ownership of the 1997/1998 and future sugar cane crops described in the grinding contracts between the parties. Each grinding contract contains an identical clause requiring the parties to arbitrate any dispute arising out of the contract. The Growers sought appellate review of the order compelling arbitration, which is pending in this court as case no. 97-4800. The trial court stayed the arbitration pending the outcome of case no. 97-4800.
USSC entered into contracts with the Growers to process the 1997/1998 and future sugar cane crops. After Okeelanta notified the Growers and USSC of its position that the grinding contracts had not been terminated, USSC filed suit against Okeelanta alleging that Okeelanta's assertion creates a cloud on USSC's interest in and equitable ownership of the subject sugar cane and requesting a judgment finding that Okeelanta has no interest in the crops. Okeelanta filed a motion to stay the judicial proceedings pending arbitration with the Growers, which the trial court denied without explanation. Okeelanta filed a timely petition for certiorari review of that order.
Section 682.03(3), Florida Statutes (1997), requires the court to stay "[a]ny action or proceeding involving an issue subject to arbitration." "The statute does not require the parties be identical in both proceedings so long as the same issues are determinable." 425 Florida, Inc. v. George V. Behan Construction, Inc., 497 So.2d 1340, 1341 (Fla. 5th DCA 1986). Because USSC's action involves an issue subject to arbitration, the trial court must stay the litigation pending the outcome of the arbitration. While this court makes no determination regarding the effect the arbitration decision might have on the litigation, it cannot be said that the resolution of the arbitrable claims will have no effect on the claims pending in court. See Sabates v. Int'l Medical Centers, Inc., 450 So.2d 514, 519 (Fla. 3d DCA 1984).
Accordingly, we grant the petitions for writs of certiorari, quash the order under review, and direct the trial court to enter an order staying the litigation until the conclusion of the arbitration proceeding between Okeelanta and the Growers.
THREADGILL, A.C.J., and QUINCE and NORTHCUTT, JJ., concur.