In an action, inter alia, to recover damages for breach of a title insurance policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered May 3, 2011, as granted that branch of the motion of the defendant Stewart Title Insurance Company which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of a title insurance policy (hereinafter the policy) issued in connection with real property located in the Bronx (hereinafter the property). The Supreme Court granted that branch of the motion of the defendant Stewart Title Insurance Company (hereinafter Stewart) which was for summary judgment dismissing the complaint insofar as asserted against it, concluding that the terms of the policy provided that the protection of title against any rights of eminent domain was expressly excluded from coverage unless “notice of the exercise thereof had been recorded in the public records at Date of Policy,” that the City of New York commenced condemnation proceedings against the property after the issuance of the policy, and that the plaintiff failed to raise a triable issue of fact with regard to this exclusion, which was expressly set forth in the policy.
Title insurance insures the owner of, and other persons lawfully interested in, “real property and chattels real against loss by reason of defective titles and encumbrances and insur[es] the *819 correctness of searches for all instruments, liens or charges affecting the title to such property” (Insurance Law § 1113 [a] [18]; see L. Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179 [1981]; Logan v Barretto, 251 AD2d 552 [1998]; Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d 635, 636 [1996]). Liability of the title insurer to its insured is essentially based on contract law and, as such, “ ‘is governed and limited by agreements, terms, conditions and provisions contained in the title insurance policy’ ” (Citibank v Commonwealth Land Tit. Ins. Co., 228 AD2d at 637, quoting 5A Warren’s Weed, New York Real Property § 1.03 [6], at 15 [4th ed]).
Here, the Supreme Court properly granted Stewart’s motion for summary judgment dismissing the complaint insofar as asserted against it. Stewart met its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that the plaintiffs claim of coverage fell within the exclusions of the policy. In opposition, the plaintiff failed to raise a triable issue of fact (see St. Luke’s Pentecostal Church, Inc. v Stewart Tit. Ins. Co., 37 AD3d 702 [2007]). Florio, J.P., Balkin, Chambers and Cohen, JJ., concur.