# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-262
Lower Tribunal No. 12-34577
_____


**Arnold D. Hessen, Arnold D. Hessen, P.A., and Hessen, Schimmel & De Castro, P.A.,**
Petitioners,

vs.

**Robert L. Schimmel,**
Respondent.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Norma S. Lindsey, Judge.

Feiler & Leach, P.L., and Martin E. Leach, for petitioners.

Stephen M. Zukoff, for respondent.


Before WELLS, ROTHENBERG, and LAGOA, JJ.

LAGOA, J.

Petitioners, Arnold D. Hessen ("Hessen"), Arnold D. Hessen, P.A. ("Hessen, P.A."), and Hessen, Schimmel & De Castro, P.A. ("HSD"), petition this Court for

a writ of certiorari seeking to quash the trial court's order denying its motion to stay the proceedings and abate. For the following reasons, we grant the petition.

I.    FACTUAL AND PROCEDURAL HISTORY

The respondent, Robert L. Schimmel ("Schimmel"), is a former shareholder in HSD, a law firm. Shimmel's employment at HSD was governed by a shareholders' agreement and an employment agreement (collectively, "the corporate agreements"), each of which contained an arbitration clause.

Schimmel filed a complaint against Hessen, Hessen, P.A., and HSD in August of 2012, alleging claims related to his departure from HSD on June 7, 2010. Specifically, Schimmel alleged claims for breach of the employment agreement, breach of the shareholders' agreement, breach of fiduciary duty, conversion, accounting, and unjust enrichment. The complaint attached and incorporated the corporate agreements. The trial court subsequently entered an order staying the proceedings in the trial court and compelling arbitration. In arbitration, the arbitrator found that Hessen and Hessen, P.A., were not signatories to the corporate agreements and therefore not parties to the arbitration.[1] As a result, the arbitration is proceeding between Schimmel and HSD only.

Shortly thereafter, and apparently with the stay still in place, Schimmel filed an amended complaint against Hessen and Hessen, P.A., alleging the same claims

---

[1] The arbitrator also concluded that the claim against HSD for conversion falls outside the scope of arbitration. Nonetheless, based on the record before us, that claim appears to remain stayed before the trial court.

2

stated in the original complaint. As with the original complaint, the amended complaint attached and incorporated the corporate agreements. Included in the factual allegations applicable to all counts was the allegation that Hessen, P.A., operated in "secret and in covert manner" with HSD to divert funds due to Schimmel. In response to the amended complaint, Hessen, Hessen, P.A., and HSD filed a motion to stay the proceedings and abate the action pending resolution of the arbitration between Schimmel and HSD. After a hearing, the trial court entered the order at issue, which denied the motion to stay proceedings and abate.

II.     ANALYSIS

A third party, non-signatory to an arbitration agreement is entitled to a stay of proceedings pending arbitration when the third party's claims are based on the same operative facts and are inherently inseparable from the claims subject to arbitration. As the Second District explained in American International Group, Inc. v. Cornerstone Businesses, Inc., 872 So. 2d 333 (Fla. 2d DCA 2004):

> Where the claims involving a third party are "based on the same operative facts and are inherently inseparable" from the claims subject to arbitration, Harvey v. Joyce, 199 F.3d 790, 795 (5th Cir. 2000), the third party is entitled to a stay of proceedings pending arbitration even though it is not a signatory to the arbitration agreement and has no right to compel arbitration.

Id. at 338.

The claims Schimmel asserts against Hessen and Hessen, P.A., in the amended complaint are the same as those he raised against HSD in the original complaint and relate to the same issue—

3

his departure from HSD and the controlling corporate agreements. In addition, an allegation common to all counts in Schimmel's amended complaint is that Hessen, P.A., operated in a secret and covert manner with HSD to "abscond" with funds due to Schimmel. Because the claims raised in Schimmel's amended complaint are based on the same operative facts and are inherently inseparable from the claims raised in the original complaint, Hessen and Hessen, P.A., although not signatories to the corporate agreements, are entitled to a stay of proceedings in the trial court pending the outcome of the arbitration between Schimmel and HSD. As the Second District concluded in Cornerstone, "[w]e cannot say 'that the resolution of the arbitrable claims will have no effect on the claims pending in court.'" 872 So. 2d at 338 (quoting Okeelanta Corp. v. U.S. Sugar Corp., 712 So. 2d 814, 815 (Fla. 2d DCA 1998)).

III.   CONCLUSION

Accordingly, we grant the petition for certiorari, quash the order under review, and direct the trial court to enter an order staying the proceedings in the trial court pending the arbitration between Schimmel and HSD.

Petition granted; order quashed.

4