J-A26023-21

2022 PA Super 117

FINEMAN, KREKSTEIN & HARRIS,  :  IN THE SUPERIOR COURT OF
P.C.  :  PENNSYLVANIA
:
:
:
v.  :
:
:
RICHARD J. PERR, ESQ.  :
:  No. 666 EDA 2021
Appellant  :

Appeal from the Order Entered December 23, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200302862

BEFORE:  BOWES, J., STABILE, J., and McCAFFERY, J.

CONCURRING AND DISSENTING OPINION BY BOWES, J.:**FILED  JUNE  30, 2022**

I agree with my esteemed colleagues in most respects.  Specifically, I agree that the trial court properly determined that the claim of Fineman, Krekstein & Harris, P.C. ("FKH") against Attorney Richard Perr for breach of the Employment Agreement is not covered by the Arbitration Clause, and that the trial court erred in its application of 42 Pa.C.S. § 7304(d) by failing to stay the judicial proceedings on the arbitrable claims.

My disagreement concerns the Majority's discussion of the severance and severability of the non-arbitrable claims.  The Majority rules that the issues of (1) whether the claims are able to be severed, and (2) whether it is appropriate to sever them, are both placed within the discretion of the trial court.  **See** Majority Opinion at 15.  I believe that the Majority conflates

distinct questions which are subject to different standards of appellate review. In my view, whether claims are severable for purposes of § 7304(d) is a question of law, not a matter subject to abuse-of-discretion review. It is the question of whether claims that are severable **should be** severed that is within the trial court's sound discretion.

Black's Law Dictionary defines "severability" by referring to "separability," which means "[t]he capability of a thing's being divided or severed from another." SEPARABILITY, Black's Law Dictionary (11th ed. 2019). Severability is routinely acknowledged to be a question of law in other contexts. *See*, *e.g.*, *Commonwealth v. Hopkins*, 117 A.3d 247, 255 (Pa. 2015) (severability of unconstitutional statutory provision is a question of law); *Jacobs v. CNG Transmission Corp.*, 772 A.2d 445, 450 (Pa. 2001) (same as to severability of contract); *Winthrop & Co., Inc. v. Milgrom*, 668 A.2d 557, 560 (Pa.Super. 1995) (same as to severability of claims for compensation based upon sale of business assets and transfer of related realty).

In considering the meaning of the term as used in § 7304(d), I begin by noting that, as there is a dearth of Pennsylvania case law on this aspect of our version of the Uniform Arbitration Act ("UAA"), we must consider the decisions

of other states which have adopted the UAA.[1]  I believe that a review of these decisions indicates that non-arbitrable claims that involve the same issues and facts as arbitrable claims are not severable.

The Florida court's determination in ***Post Tensioned Eng'g Corp. v. Fairways Plaza Associates***, 429 So.2d 1212, 1214 (Fla.Dist.Ct.App. 1983), is particularly illustrative.  In that case, Fairways Plaza ("Fairways"), which contracted to build multiple office buildings, sued the design engineer, the general contractor ("Commercial"), and several of Commercial's subcontractors.  The only one of the involved contracts that had an arbitration clause was the one between Fairways and Commercial.  While Fairways' claims against Commercial were therefore stayed pending arbitration, the trial court declined to stay the judicial proceedings concerning Fairways' claims against

---

[1] Chapter 73 of our Judicial Code "shall be known and may be cited as the 'Uniform Arbitration Act.'"  42 Pa.C.S. § 7301.  The statute at issue, 42 Pa.C.S. § 7304, is in all respects material to the issue before us identical to Uniform Arbitration Act, § 2.  ***See*** Unif. Arbitration Act of 1956 § 2(d) ("Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only.  When the application is made in such action or proceeding, the order for arbitration shall include such stay.").  Accordingly, we "must consider the decisions of our sister states who have adopted and interpreted such uniform law and must afford these decisions great deference."  ***Sternlicht v. Sternlicht***, 876 A.2d 904, 911 n.13 (Pa. 2005); 1 Pa.C.S. § 1927 ("Statutes uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them.").  Additionally, I consider decisions of jurisdictions which have otherwise adopted provisions comparable to § 7304(d), such as New York.

the other defendants. Commercial appealed, contending that Florida's statute comparable to our § 7403 required a stay of all judicial proceedings.[2]

The appellate court agreed with Commercial as to the claims involving the same issues as the arbitrable claims, explaining that those claims were not severable:

> The "issue subject to arbitration" between Fairways and Commercial is whether the building defects, assuming they exist, are the result of shoddy workmanship on the part of Commercial or its subcontractors, that is, a failure to adhere to the design engineer's plans and specifications. Because Commercial, under the doctrine of *respondeat superior*, is responsible for the negligence of its subcontractors, a determination in arbitration that Commercial was not negligent would necessarily be a determination that Commercial's subcontractors were not negligent. Under such a determination any need for litigation between Fairways and Commercial's subcontractors would be obviated. Therefore, we think it clear that Fairways' action against Commercial's subcontractors does involve "an issue subject to arbitration" and must be stayed.

**Id**. at 1214.

However, the court determined that Fairways' claims against the design engineer were severable:

---

[2] Florida statute in effect at the time provided, in pertinent part: "Any action or proceeding involving an issue subject to arbitration under this law shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only." **Post Tensioned Eng'g Corp. v. Fairways Plaza Associates**, 429 So.2d 1212, 1214 (Fla.Dist.Ct.App. 1983) (quoting Fla.Stat.Ann. § 682.03 (1981)). The current version is not different on this issue, providing as follows: "If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may limit the stay to that claim." Fla.Stat.Ann. § 682.03(7).

The issue between them is whether the plans and specifications for the building project were properly designed. No matter how the issue in arbitration between Fairways and Commercial is resolved, its resolution has no effect upon the issue between Fairways and the design engineer. Thus, the arbitrable issue, although not severable from the issue in the action against Commercial's subcontractors, is severable from the issue in the action against the design engineer. Since Section 682.03(3) expressly provides that "if the issue is severable, the stay may be with respect thereto only," no stay was required of the litigation between Fairways and the design engineer.

*Id*. at 1215.

These principles were also demonstrated in ***Weiss v. Nath***, 949 N.Y.S.2d 81 (N.Y. App. Div. 2012). In that case, the beneficiary of an account established by Rafael Weiss ("Rafael") pursuant to the Uniform Gifts to Minors Act ("UGMA") sued Ilona Nath ("Nath") along with Merrill Lynch and several of its employees concerning the removal of funds from the UGMA account. Nath asserted counterclaims against the plaintiff and added Rafael as a defendant. The trial court granted Merrill Lynch's motion to compel arbitration and stayed all claims. Nath unsuccessfully sought to have severed "the non[-]arbitrable causes of action, counterclaims, and third-party causes of action asserted by her, and asserted against her by the plaintiff and [Rafael]" and to allow those claims to proceed. ***Id***. at 83.

The appellate court explained the applicable law as follows:

Where arbitrable and non[-]arbitrable claims are inextricably interwoven, the proper course is to stay judicial proceedings pending completion of the arbitration, particularly where the determination of issues in arbitration may well dispose of non[-]arbitrable matters. However, courts have the power to sever arbitrable causes of action from non[-]arbitrable causes of

action where judicial economy would not be served by their consolidation, and where there is no danger of inconsistent rulings by the arbitrator and the court, or where there is no potential that the determination of the arbitrable causes of action would dispose of or significantly limit the issues involved in the non[-]arbitrable causes of action.

*Id*. at 84 (cleaned up).

Applying these principles, the court concluded that "the causes of action asserted by the plaintiff against Nath, the counterclaims asserted by Nath against the plaintiff, and certain of the third-party causes of action asserted by Nath against Rafael directly concern the creation and management of the UGMA account, and are, therefore, inextricably interwoven with the arbitrable causes of action." *Id*. Accordingly, those non-arbitrable claims "were properly stayed pending the completion of arbitration." *Id*. However, the remaining non[-]arbitrable claims were "unrelated to any of the arbitrable claims." *Id*. "Since the arbitration [would] not dispose of or significantly limit the issues with respect to those third-party causes of action, or pose a risk of inconsistent rulings by the arbitrator and the court," those non-arbitrable claims were severable. *Id*.

The Texas court's decision in *In re Houston Progressive Radiology Associates, PLLC*, 474 S.W.3d 435, 450 (Tex. App. 2015), also demonstrates that inextricably intertwined non-arbitrable claims may not be severed and allowed to proceed before the arbitration is resolved. In that case, "[t]wo professional associations, former members of a medical practice, sued the practice and two doctors associated with it, alleging breaches of contract,

breach of fiduciary duty, and fraud in connection with the sale of the practice." *Id*. at 439. "Another doctor employed by the practice[, Dr. Michael Nguyen,] also sued for breach of his employment agreement." *Id*. Some of the claims among the practices and member doctors were alleged to be subject to an arbitration agreement, but Dr. Nguyen's employment agreement contained no arbitration agreement. The trial court denied the request to compel arbitration.

The appeals court concluded that the trial court erred in failing to hold that the first group of claims was subject to an arbitration agreement and to compel arbitration. It then considered whether Dr. Nguyen's non-arbitrable claims should be stayed pending the arbitration. Under Texas law, "the trial court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter." *Id*. at 449 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 171.025(a)) (cleaned up). However, "the stay applies only to the issue subject to arbitration if that issue is severable from the remainder of the proceeding." *Id*. at 450 (citing Tex. Civ. Prac. & Rem. Code Ann. § 171.025(b)) (cleaned up). The court then indicated that a non-arbitrable claim is severable if: "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so

- 7 -

interwoven with the remaining action that they involve the same facts and issues." **Id**.

The court examined the allegations in Dr. Nguyen pleading and observed that his "claims and requests for relief ar[o]se from the same facts and [we]re inherently inseparable from" the arbitrable claims. **Id**. It further noted that the litigation of Dr. Nguyen's claims would have "a critical impact on the arbitration" and indeed could "subvert the defendants' right to a meaningful arbitration . . . by deciding issues subject to the arbitration." **Id**. Since the non-arbitrable claims were inseparable from the arbitrable claims, in that they "involve[d] the same operative facts" and thus "threaten[ed] to jeopardize the integrity of the parallel arbitration," the non-arbitrable claims were required to be stayed pending the arbitration. **Id**. at 451. **See also Kelso-Burnett Co. v. Zeus Dev. Corp.**, 437 N.E.2d 26, 31–32 (Ill. App. Ct. 1982) (holding non-arbitrable claim was not severable because it might "be obviated by the outcome of the arbitration," and thus the stay "further[ed] the policy which favors the resolution of disputes outside the judicial forum").

These cases from other jurisdictions thus demonstrate that the severability of arbitrable and non-arbitrable claims under § 7304(d) is a question of law that turns on how much overlap there is of the issues and facts. The two Pennsylvania appellate decisions addressing the stay of non-arbitrable claims, while not addressing the issue as one of severability, nonetheless applied the principles gleaned from the above cases and opined

as a matter of law on the basis of the interrelatedness of the arbitrable and non-arbitrable claims.

In **Sew Clean Drycleaners & Launders, Inc. v. Dress for Success Cleaners, Inc.**, 903 A.2d 1254, 1258 (Pa.Super. 2006), Sew Clean had a contractual relationship with Dress for Success ("DFS") whereby Sew Clean would perform the dry cleaning services for garments that DFS collected at kiosks in Giant Eagle grocery stores. The contract between Sew Clean and DFS included an agreement to arbitrate, however Giant Eagle was not party to that agreement. DFS terminated the agreement with Sew Clean when damage to Sew Clean's equipment temporarily left it unable to perform. Sew Clean sued DFS for contract claims and Giant Eagle for torts related to its alleged interference with the contract. Specifically, Sew Clean alleged that Giant Eagle "(1) caused DFS Cleaners to breach the license agreement; (2) aided and abetted DFS Cleaners in making . . . fraudulent misrepresentations by encouraging DFS Cleaners to terminate the agreement in bad faith; and (3) aided and abetted DFS Cleaners in breaching its fiduciary duty to Sew Clean by encouraging DFS Cleaners to terminate the agreement in bad faith." Id. at 1256–57 (Pa.Super. 2006).

The trial court stayed Sew Clean's claims against DFS after granting DFS's petition to compel arbitration, but refused to stay the judicial proceedings against Giant Eagle that were not subject to arbitration. On Giant Eagle's appeal, this Court held that a stay of the claims against Giant Eagle

should have been granted. In determining whether the order denying the stay was appealable as a collateral order, we observed that "[§] 7304(d) embodies a legislative policy to avoid duplicative litigation with the possibility of irreconcilable results in **every** instance where a separate action involves an issue that is subject to arbitration."[3] *Id*. at 1258 (cleaned up, emphasis in original). After concluding that we had jurisdiction over the interlocutory appeal, we, without further discussion, held as follows: "Clearly, Sew Clean's claims against Giant Eagle relate to the issues that are subject to arbitration, and thus, the trial court should have issued a stay pursuant to 42 Pa.C.S. § 7304(d)." *Id*. at 1258.

Thus, even though the claims against Giant Eagle sounded in tort rather than contract, this Court reversed the trial court's decision to allow the judicial proceedings to occur contemporaneously with the arbitration because they related to the issues in the arbitration. For example, an arbitration ruling that DFS did not breach its agreement with Sew Clean, or that it made no

_____

[3] Pursuant to existing precedent, an arbitration award is considered a final judgment on the merits of the issues arbitrated for purposes of *res judicata* and collateral estoppel. **See Dyer v. Travelers**, 572 A.2d 762, 764 (Pa.Super. 1990). Our Supreme Court has, in *dicta*, questioned the wisdom of granting preclusive effect to arbitration. **See Taylor v. Extendicare Health Facilities, Inc.**, 147 A.3d 490, 511–12 (Pa. 2016) (stating "the preclusive effect of an arbitration award upon judicial proceedings is not presently before this Court," and acknowledging that present appellate decisions hold that collateral estoppel does apply, but suggesting that the issue is arbitrable fact-finding may not be entitled to the same preclusive effect as judicial fact-finding). Unless and until the existing precedent is overruled, it is binding upon this Court and the trial courts.

fraudulent misrepresentations, clearly would impact the non-arbitrable claims that Giant Eagle aided and abetted DFS in committing those acts. Importantly, our holding was not presented as an abuse of discretion by the trial court, but a conclusion reached as a matter of law based upon the relatedness of the arbitrable and non-arbitrable claims.

Thereafter, in *Taylor v. Extendicare Health Facilities, Inc.*, 147 A.3d 490 (Pa. 2016), the main issue was whether survival and wrongful death claims should be tried together in court when the survival claim implicated an arbitration agreement, but the wrongful death claim was not subject to arbitration. The trial court, applying Pa.R.C.P. 213(e),[4] refused to sever the causes of action and compel arbitration of the arbitrable survival claim. Our Supreme Court concluded that Rule 213(e) was preempted by federal law and remanded to the trial court to decide whether there was in fact a valid agreement to arbitrate the survival claims. Given the unresolved issue of whether there was an enforceable agreement to arbitrate any of the claims, the Court did not have cause to rule on severability for purposes of § 7304. However, the Court, citing § 7304(d), stated as follows in a footnote:

> once an issue has been referred to arbitration, any judicial proceeding involving that issue is stayed pending the outcome of arbitration. Therefore, the survival claim arbitration will be resolved before the wrongful death action can proceed in the court

---

[4] "A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial." Pa.R.C.P. 213(e).

> of common pleas. Thus, the court hearing the wrongful death action may account for any damages awarded in the survival arbitration and "avoid duplicate recovery[.]"

*Id*. at 510 n.29 (citation omitted). From this it appears that, although survival actions and wrongful death actions have different parties and mostly different damage elements, our Supreme Court envisioned that one would without question be stayed pursuant to § 7304(d) if the agreement to arbitrate the other was enforceable.

Thus, the language of § 7304(d) and the Pennsylvania decisions touching on the subject are consistent with the above-discussed authority from other jurisdictions concerning the legal severability of claims.[5] Applying this authority to the case *sub judice*, I believe that the Majority errs in remanding for the trial court to exercise discretion as to whether the claims are severable and should be severed. Instead, I would hold that the arbitrable and non-arbitrable claims are not severable as a matter of law because all of

---

[5] My view of the authority is also consistent with Pa.R.C.P. 213's generally-applicable provision governing the severance of claims. That rule provides, in relevant part: "The court, **in furtherance of convenience or to avoid prejudice**, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any separate issue, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues." Pa.R.C.P. 213(b) (emphasis added). Where the arbitrable and non-arbitrable claims share common facts and issues, simultaneous litigation is duplicative and risks inconsistent verdicts, and thus eviscerates the foundation of the trial court's discretion to separate claims, namely furthering convenience and avoiding prejudice. Consequently, as a matter of law, non-arbitrable claims that include issues related to arbitrable claims are not severable.

- 12 -

FKH's causes of action are based upon the same allegations of misconduct by Perr, namely his decision to accept employment at LucentPay while he was being compensated as a fiduciary and employee of FKH. Allowing both the arbitrable and non-arbitrable claims to proceed simultaneously would involve the duplication of efforts and the risk of inconsistent results. This is not akin to the cases discussed above in which there existed non-arbitrable claims unrelated to the claims being sent to arbitration. *See*, *e.g.*, ***Post Tensioned***, ***supra*** at 1214-15 (staying both arbitrable claim that general contractor failed to follow design specifications and non-severable, non-arbitrable *respondeat superior* claims against subcontractors, but allowing to proceed severable claims against design engineer that building design itself was faulty).

Therefore, while I agree with the Majority that the trial court erred in its application of § 7304(d), I would remand for the trial court to stay all judicial proceedings pending the arbitration rather than granting the trial court the discretion to proceed with the non-severable Employment Agreement claims. On that issue, I respectfully dissent.